C. O. THOMPSON v. SCOTT DILLINGHAM AND SCOTT DILLINGHAM, INC.

(Filed 24 May, 1922.)

**1. Pleadings—Debt—Judgment—Default Final.**

A complaint alleging a money demand for a sum certain with an express promise to pay is sufficient to sustain a judgment by default final for the want of an answer. C. S., 595.

**2. Same—Clerks of Court—Statutes—Constitutional Law.**

C. S., 573, authorizing a judgment by default final for the want of an answer before the clerk of the court is not an unconstitutional interference with the jurisdiction of the judge of the court, the clerk being a component part of the Superior Court, and the exercise of the power of the judge being recognized and preserved by the right of appeal.

**3. Attachment—Bonds—Principal and Surety—Statutes.**

Where judgment by default final has been rendered against the principal debtor and the surety on an attachment bond given in the action, in the form required by the statute, C. S., 815, to secure whatever judgment may be rendered, and the property attached has accordingly been retained by the debtor, the surety is concluded from asserting the insufficiency of the bond in not having another surety thereon, as the statute required, when the bond was·given and accepted as he had intended, and he had not excepted thereto.

**4. Judgments—Motion to Set Aside—Proof—Attachment—Principal and Surety.**

Where an attachment bond has been given and acted upon in an action for debt, and judgment by default final has been entered against the principal and his surety, the surety proceeding· alone to set aside the judgment must show, by his evidence or in some recognized way outside of the averments of his own unsworn statement, the ground upon which he relies, or his motion will be denied.

**5. Attachment—Principal and Surety—Bankruptcy—Receivers—Title—Liens.**

Where a judgment by default final has been entered in an action against the same person, individually and as incorporated, for the same debt, and the corporation has been adjudicated a bankrupt within the four-months period, and after the judgment the property of the individual has been

placed in the hands of a receiver by the State court, the surety on the attachment bond will remain bound in the jurisdiction of the State court, notwithstanding the adjudication in bankruptcy, for the receiver takes title to the individual property subject to the existent lien by attachment, and the judgment upholding it.

6. **Judgments—Interest of Court—Voidable Judgments—Waiver—Clerks of Court—Principal and Surety—Surety's Motion to Set Aside.**

A judgment by default final entered by the clerk of the court is not void because of interest, but voidable only, not being in violation of a statute bearing directly on the question, and objection on that ground may be waived by the parties; and while the judgment stands unassailed and unexcepted to by the principal defendants, or by any other directly representing them, it is not open for a surety on an attachment bond given in the case to maintain an objection for his own benefit, and he must conform to his obligation according to its tenor. *Connelly v. White*, 105 N. C., 65, cited and distinguished.

APPEAL by defendant surety from *Bond, J.,* at October Term, 1921, of BUNCOMBE.

Civil action, heard on appeal from judgment of clerk. The action is instituted by plaintiff, returnable to July Term, 1921, against Scott Dillingham as an individual and Scott Dillingham, Incorporated, to recover the sum of $2,000 due upon the purchase price of an automobile sold to defendants, and which sum defendants expressly promised to pay plaintiff. There was an attachment issued in the cause, which was duly levied on property of defendants, and defendants gave bond in the cause with J. L. Page as surety, to the effect that said defendants and surety would pay any and all sums that plaintiff should recover in the action, and thereupon the said attachment was dissolved and the property attached was redelivered to the defendants. It further appeared that the summons in the cause was issued on 1 July, 1921, returnable 15 July, and that a verified complaint was duly filed at the time of issuing the summons, and at time for answering same, 1 August, defendants not being ready, time was extended to 5 October, and defendant still having failed to answer and complaint verified, as stated, showing money demand for sum certain, judgment by default was rendered against defendants and J. L. Page for the amount of the demand, etc., the appeal being taken. That on 6 October, the said surety moved before the clerk to set aside said judgment and to dismiss the action for that defendants Scott Dillingham, Inc., had been adjudged a bankrupt, and said case in bankruptcy was now pending in the U. S. District Court, and for that Jonathan H. Cathey had been appointed receiver against Scott Dillingham, the individual, in an action in the State Superior Court, motion was overruled and on appeal taken the judgment was affirmed in the Superior Court, as stated. Defendant, the surety, excepted, and appealed, assigning errors.

*W. P. Brown* for *plaintiff*.
*Jones, Williams & Jones* for *defendant*.

HOKE, J. It is objected to the validity of this judgment in denial of appellant's motion: that the complaint does not set out a cause of action in which judgment by default final can be entered, but the objection is without merit. The complaint being on a moneyed demand for a sum certain, with an express promise to pay the same, and so coming within the direct provisions of the statute on the subject. *Bostwick v. R. R.,* 179 N. C., 485; C. S., 595. Nor can the exception be sustained that the act authorizing judgment by default final before the clerk is unconstitutional, C. S., 593, in that it ignores the constitutional principle that the judges of the Superior Court must act in these matters, citing for the position the decision of *Rhyne v. Lipscombe,* 122 N. C., 650. In that case it was held that the Superior Court could not be deprived of the jurisdiction possessed by it at the time of the adoption of the Constitution, and fully recognized by that instrument as having general supervisory power over inferior tribunals of the State; and, therefore, an act of the Legislature which provided for an appeal from an inferior court direct to the Supreme Court, in entire disregard of the recognized powers of the Superior Court, was unconstitutional, but the act in question here does not come within the inhibition of any such principle. For the reason, in the first place, that in matters of this kind the clerk is a component part of the Superior Court as pointed out in *Brittain v. Mull,* 91 N. C., 498, and other like cases. Second, because the power of the judge as presiding officer of the Superior Court is fully recognized and preserved by the right of appeal to him in all such cases by express provisions of the law. C. S., 593. Appellant excepts further that the attachment bond signed by him having only one surety is not a statutory bond, and no judgment, therefore, can be had thereon without suit. It is not contended in support of this position that the bond was to be signed by any other surety, or that the same is otherwise than intended by the parties. It is given in form as the statute requires, not for the forthcoming of the property, but for the payment of the judgment that is recovered in the action, C. S., 815, and while plaintiff could have excepted to the sufficiency of the instrument because executed by only one surety, this was not done, but the bond was given and received without objection as a statutory bond, and the attachment having been dissolved and the property delivered to defendants of record by reason of same, the appellant is concluded and may not now maintain the position that a judgment *in personam* on the bond is improper. *Moffitt v. Garrett,* 23 Okl., 398; *Riddle v. Baker,* 13 Cal., 295; *Pico v. Webster,* 14 Cal., 202; *McLean v. Wright,* 137 Ala., 644; *Bunneman v. Wagner,* 16 Oregon, 433;

*Fidelity Co. v. Bowen,* 123 Iowa, 356. Again, it is contended that the judgment is invalid because of the fact that (*a*) within four months from the institution of the action Scott Dillingham, Inc., has been adjudged a bankrupt and the proceedings in said case are still pending; (*b*) within four months from commencement of the action the clerk of the court, Jonathan H. Cathey, in same suit in the State court was appointed receiver of the property of Scott Dillingham, the individual. It may suffice to say, in answer to this objection, that neither of the facts suggested in the objections are pleaded or in any way established in the proceedings, nor do we find any evidence offered in support of them except that they are stated by appellant as a part of his motion. This being true, we find no authority to sustain a motion to set aside a final judgment at the instance of the surety, the only appellant in the cause, when neither of the principal defendants are making any objection and neither the trustee in bankruptcy nor the receiver in the State court are even parties in the cause, and if it were otherwise, the bankruptcy proceedings, avoiding liens acquired within four months, only extends to the affairs of the corporation. In the proceedings in the State court the title of the receiver only takes its rise from the date of the appointment. *Hardware Co. v. Holt,* 173 N. C., 308; C. S., secs. 860, 1210.

There is nothing, therefore, in the State proceedings referred to that impairs or threatens the prior lien of plaintiff's attachment, and the judgment being against both defendants, the surety's obligation holds as to the liability of Scott Dillingham, the individual, and the judgment against appellant, therefore, should in no event be disturbed. 2 R. C. L., title Attachment, sec. 82, citing, among other cases, *Pelzer Mfg. Co. v. Pitts,* 76 S. C., 349. It is contended finally that as Cathey, the clerk, is both trustee in bankruptcy of the corporation and receiver under State proceedings of Scott Dillingham, the individual, he has such an interest in the subject-matter of the suit as disqualifies him from hearing the matter or entering any judgment therein. As we have heretofore shown, these facts are nowhere shown in the record, except as they are suggested by him as the basis for appellant's motion. Defendants do not set up such facts in their pleadings, and neither the alleged trustee in bankruptcy nor the receiver are parties to the record, nor have they applied to become such. Apart from this, even if it be conceded that the clerk who entered the judgment was such trustee and receiver, and as such had a pecuniary interest in the subject-matter of the suit, a judgment entered by him is not void unless in violation of some statute bearing directly on the question, it is only voidable, and can be and frequently is waived by the parties. *Moses v. Julian,* 45 N. H., 52, reported also in 84 American Dec., p. 114, with a helpful and informing note on the subject.

This being true, while the judgment stands unassailed and unexcepted to by the principal defendants, or any other directly representing them, it is not open to the surety on the attachment bond to maintain an objection for his own benefit. As to any and all such objections, while the judgment stands as to the principal debtors, the surety is concluded and must conform to his obligation according to its tenor. 2 R. C. L., title Attachment, secs. 101 and 106, and authorities cited. It may be well to note that in *White v. Connelly,* 105 N. C., 65, and other like decisions in this State, where the action of a judicial officer was held to be void there was a statute containing express provisions which disqualified the officer in the case as presented.

We find no error in the record, and judgment denying appellant's motion is

Affirmed.