ROBERT CUNNINGHAM, MARGARET CUNNINGHAM EDWARDS, FRANCES CUNNINGHAM HARDY, EVELYN CUNNINGHAM SUTTON, RAY CUNNINGHAM, ERVIN CUNNINGHAM, THELBERT CUNNINGHAM, JAMES CUNNINGHAM, RUBY CUNNINGHAM MEWBORN, MARJORIE CUNNINGHAM PRICE, AND LAURA CUNNINGHAM THRIFT v. ALICE BLAND BRIGMAN ALIAS ALICE BLAND CUNNINGHAM, AND WACHOVIA BANK AND TRUST COMPANY, EXECUTOR OF THE ESTATE OF LEON CUNNINGHAM.

(Filed 16 December, 1964.)

1. **Declaratory Judgment Act § 1—**

    The right of the alleged widow to dissent, upon which depends the share to be taken by the beneficiaries of testators' will, is a proper controversy for determination under the Declaratory Judgment Act. G.S. 1-255.

2. **Wills § 60—**

    The right of the widow to dissent is based upon a valid **marriage.**

3. **Marriage § 2—**

    If, at the time of the marriage, either party has a spouse living who has not been validly divorced, the marriage is void.

**4. Same;   Judgments § 18—**

A void marriage or divorce may be collaterally attacked at any time and no legal rights flow therefrom.

**5. Estoppel § 5—**

Estoppel is for the protection of innocent persons and they only may claim its benefits.

**6. Same—**

Heirs of the testator by a prior marriage may not be estopped to attack his second marriage on the ground that testator continued to live with the second wife after ascertaining there might be some question about the validity of the divorce obtained by his second wife, since the testator had no part in procuring the decree, and the second wife may not assert the estoppel.

**7. Wills § 60;   Pleadings § 8—**

In an action in which the rights of the parties are dependent upon the right of the widow to dissent from the will, the widow may not set up a cross action for services rendered testator in the event it be determined she was not lawfully married to testator and therefore could not dissent, since such cause does not arise out of any rights under the will.

APPEAL by defendant Alice Bland Cunningham from *Fountain, J.,* April, 1964 Civil Session, LENOIR Superior Court.

The plaintiffs instituted this civil action for the purpose of having the Superior Court determine and fix by declaratory judgment the rights of the parties under the will of Leon Cunningham. The plaintiffs are children of the testator. The Wachovia Bank and Trust Company is the trustee and executor. Whether Alice Brigman, alias Alice Bland Cunningham, is the testator's widow is the principal controversy in the proceeding.

Item IV of the will provides:

"That my wife, Alice B. Cunningham, and I had each been previously married and each have children by such prior marriages and agreed that upon marriage to each other that the properties of each shall go to our respective child or children who survive, in such manner as we might each select, free from any claim or right on the part of the other. That this agreement was reached due to the fact that we each have independent estates. That notwithstanding this agreement, it is my intent and purpose to leave to my said wife some provisions for her continuing welfare, and to this end my said Trustee shall, from the income of the trust estate, pay over to my said wife the sum of Seventy-Five ($75.00) Dollars monthly during the term of the trust, with said payments to

begin as of the date of my death; the monthly payment to cease in the event of my wife's remarriage."

The remainder of the estate, valued at $200,000.00, was left in trust for the plaintiffs. Alice Bland Cunningham filed a dissent to the will.

In short summary, the plaintiffs allege that at the time a purported marriage took place between the testator and Alice Bland Brigman on December 31, 1952, the testator believed Alice Bland Brigman had obtained a valid divorce from her husband. Although she had obtained a decree of divorce on January 8, 1952, from the General County Court of Wilson County, the decree was, and is, void. The divorce action was instituted in the Superior Court of Greene County. The defendant Brigman was served by publication upon the basis of an affidavit by appellant that he was a nonresident of the State of North Carolina, when, to her knowledge he was then residing in the City of Kinston, Lenoir County, North Carolina. On appellant's motion and without notice, the Clerk of the Superior Court of Greene County entered an order on January 8, 1952, purporting to transfer the cause from the Superior Court of Greene County to the General County Court of Wilson County where the case was tried and judgment of absolute divorce was entered on that same day, January 8, 1952. The defendant Brigman was never legally served with process and did not appear at any stage of the divorce proceeding.

The Bank, as executor and trustee, filed an answer denying sufficient information either to admit or to deny the allegations of the complaint. The appellant filed a demurrer which Judge Morris overruled. Thereafter, she filed an answer in which she alleged that her divorce was valid, her marriage to the testator was regular and lawful; that she, as the widow, had the right to dissent from the will.

As a further defense, she alleged that the testator investigated her divorce proceeding and was advised "that there might be some question as to the validity of her divorce," but with that knowledge he continued to live with her as his wife until his death. By reason of his conduct the plaintiffs, his heirs at law, are estopped to assert the invalidity of the divorce decree or to deny that she is now his widow.

By way of cross action she alleged that if it be determined that she is not the "lawful widow" of the testator, she rendered valuable services to him under the belief that she was lawfully married to him and that the services so rendered were reasonably worth $60,000.00 which she is entitled to recover from the estate.

Upon the plaintiff's motion, the court struck from the defendant's answer so much thereof as attempted to allege the plaintiffs were estop-

ped to deny the validity of appellant's divorce upon the ground that the testator had continued to live with her after he ascertained "that there might be some question as to the validity of her divorce." The court also struck the entire counterclaim for services rendered. By this appeal, the rulings on the motions to strike are here for review.

*White & Aycock by Chas. B. Aycock for plaintiff appellees.*

*Wallace & Langley by F. E. Wallace, Jr., for Wachovia Bank & Trust Co., Executor of the Estate of Leon Cunningham, appellee.*

*J. Harvey Turner for defendant Alice Brigman Cunningham appellant.*

HIGGINS, J.   The purpose of the action is to have the Court declare the rights of the parties arising under the will of Leon Cunningham. By the terms of the will, the plaintiffs are given the entire estate except the $75.00 per month to be paid to the appellant by the trustee during the life of the trust, and then by the testator's children thereafter during her life, or until she remarries. She filed a dissent to the will. This controversy presents a proper proceeding for declaratory judgment. G.S. 1-255; *Joyce v. Joyce*, 260 N.C. 757, 133 S.E. 2d 675; *Little v. Trust Co.*, 252 N.C. 229, 113 S.E. 2d 689.

The right to dissent from a testator's will is given to his widow. That right has its foundation in a valid marriage. If either of the parties to the marriage contract has a living spouse, a valid divorce is a prerequisite to another marriage. Consequently, in the absence of a valid divorce, the appellant is disqualified to enter into a contract of marriage so long as her former husband lives. A void decree of divorce, like any other void judgment, is a nullity. It may be attacked collaterally at any time. Legal rights do not flow from it. *Ivery v. Ivery*, 258 N.C. 721, 129 S.E. 2d 457; *Reid v. Bristol*, 241 N.C. 699, 86 S.E. 2d 417; *Monroe v. Niven*, 221 N.C. 362, 20 S.E. 2d 311.

The appellant's plea of estoppel is insufficient to give validity either to a void divorce decree or to an invalid marriage. All she alleges is that, subsequent to the purported marriage, her husband, after investigation, ascertained there might be some question about the validity of her divorce, and thereafter continued to live with her. Estoppel is for the protection of innocent persons. They, only, may claim its benefits. 31 C.J.S., Estoppel, § 75, p. 453. The appellant procured the divorce. If the judgment is void, the testator had no knowledge of it. He had no part in procuring it. *Wilmington Furniture Co. v. Cole*, 207 N.C. 840, 178 S.E. 579. The court's order striking the alleged defense was not error.

If it be conceded the appellant states a cause of action for services rendered the testator under the mistaken belief she was lawfully married to him, such cause does not arise out of any rights under the will; hence the cross action is a misjoinder. *Johnson v. Scarborough,* 242 N.C. 681, 89 S.E. 2d 420, and cases cited. The motion to strike the cross action is in effect a demurrer to that cross action. The motion to strike was properly allowed.

This opinion has dealt with pleadings only. At the trial, the parties will have opportunity to be heard with respect to the validity of the appellant's divorce, and the legality of her subsequent marriage contract with the testator. After the issues are resolved, the court may then declare and determine the rights of the parties under the will. The orders entered in the court below are

Affirmed.