HECHT REALTY, INC. v. JOSEPH M. HASTINGS

No. 7926DC693

(Filed 19 February 1980)

1. **Rules of Civil Procedure § 55.1— default judgment entered by clerk—no method of computing damages—clerk without authority**

   The clerk of court had no power to enter a default judgment in a breach of contract action since nothing in the complaint made it possible to compute the amount of damages to which plaintiff was entitled by reason of the breach.

2. **Rules of Civil Procedure § 55.1— setting aside default—wrong test applied by court**

   The trial court erred in denying defendant's motion to set aside entry of default on the ground that defendant failed to show excusable neglect, since all that defendant was required to show in order to have entry of default set aside was good cause.

APPEAL by defendant from *Brown, Judge*. Order entered 15 June 1979 in District Court, MECKLENBURG County. Heard in the Court of Appeals 7 February 1980.

Plaintiff commenced this civil action on 23 March 1979 by filing the following complaint:

The Plaintiff complaining of the Defendant alleges and says:

1. That the Plaintiff is a North Carolina Corporation with a principal office in Mecklenburg County.

2. That the Defendant is a resident of Mecklenburg County.

3. That on or about August 29, 1978, Plaintiff and Defendant entered into a written agreement whereby Plaintiff was appointed the exclusive agent to sell certain real property owned by Defendant, a copy of said agreement being attached hereto as Exhibit "A".

4. That Plaintiff procured a prospective purchaser ready, willing and able to purchase said real property according to the terms prescribed in the said listing agreement and so notified Defendant.

5. That on or about September 3, 1978, the Defendant and the purchaser procured by Plaintiff executed a real estate sales contract for the sale of the real property described in the listing agreement. A copy of the sales contract is attached hereto as Exhibit "B".

6. That Defendant refused and continues to refuse to convey said property according to the terms of Exhibit "A" and Exhibit "B".

7. That Plaintiff is duly licensed as a real estate broker in this State, and all conditions precedent to the liability of Defendant have been performed.

WHEREFORE, Plaintiff demands judgment against Defendant in the sum of Three Thousand Two Hundred Ten Dollars ($3,210.00), together with interest and the costs of this action.

Neither the Exhibit "A" nor the Exhibit "B" referred to in the complaint was attached to the original complaint filed with the court, nor were copies of these Exhibits attached to the copy of the complaint served upon the defendant. Copies of the summons and complaint, without the Exhibits, were served on the defendant on 28 March 1979 by registered mail pursuant to G.S. 1A-1, Rule 4(j)(1)c.

The defendant failed to file answer or other responsive pleading. This being made to appear from affidavit of plaintiff's

counsel, on 11 May 1979 the assistant clerk of court entered default against the defendant. On the same date the assistant clerk of court also signed judgment reciting the entry of default and adjudging that plaintiff recover $3,210.00 of the defendant.

On 25 May 1979 defendant moved to set aside the entry of default and the judgment by default on the grounds that his failure to file answer was due to excusable neglect and that he had a meritorious defense. The district court judge denied the motion, finding that "the failure of the Defendant to file answer or otherwise plead or appear in this action was not due to any reasons justifying relief set out in Rule 60(b) of the North Carolina Rules of Civil Procedure." From the order denying his motion to set aside the entry of default and the default judgment, defendant appeals.

*Cannon, Kline & Blair by Eric M. Newman for plaintiff appellee.*

*Childers, Fowler & Whitt by Robert C. Whitt for defendant appellant.*

PARKER, Judge.

[1] A judgment by default, as distinguished from an entry of default, may be entered by the clerk only when, among other conditions, "the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain." G.S. 1A-1, Rule 55(b)(1). "In all other cases the party entitled to a judgment by default shall apply to the judge therefor." G.S. 1A-1, Rule 55(b)(2).

Plaintiff's claim as stated in its complaint in the present case was neither for "a sum certain" nor for "a sum which can by computation be made certain" within the meaning of Rule 55(b). The mere demand for judgment of a specified dollar amount does not suffice to make plaintiff's claim one for "a sum certain" as contemplated by Rule 55(b). Such a demand is normally included in the prayer for relief in every complaint in which monetary damages are sought, including complaints alleging claims for damages for bodily injuries caused by a defendant's negligence. The complaint in the present case alleged a breach of contract by the defendant, but nothing in the allegations of the complaint

makes it possible to compute the amount of damages to which plaintiff is entitled by reason of the breach. It may be that had the Exhibits A and B referred to in the complaint been attached thereto, such a computation would have been possible. However, since the exhibits were not attached and are not part of the record, that possibility is mere speculation. If it be granted that the complaint as filed gave sufficient notice of plaintiff's claim to withstand a motion to dismiss made under Rule 12(b)(6), *see Sutton v. Duke*, 277 N.C. 94, 176 S.E. 2d 161 (1970), nevertheless it is certain that its allegations were not sufficient to state a claim "for a sum certain or a sum which can by computation be made certain" within Rule 55(b)(1). Therefore, the clerk had no power to enter the judgment by default, and the district court judge erred in denying defendant's motion to set aside the judgment.

[2] For a different reason the court also erred in its denial of defendant's motion to set aside the entry of default. Although the clerk had power under Rule 55(a) to make the entry of default, "[f]or good cause shown the court may set aside an entry of default." Rule 55(d). In refusing to set aside the entry of default, the district court found that "the failure of the Defendant to file answer or otherwise plead or appear in this action was not due to any reasons justifying relief set out in Rule 60(b)." Such a showing was not necessary. In moving to set aside an entry of default, as distinguished from a default judgment, a showing of excusable neglect is not necessary. All that need be shown is good cause. *Crotts v. Pawn Shop*, 16 N.C. App. 392, 192 S.E. 2d 55, *cert. denied*, 282 N.C. 425, 192 S.E. 2d 835 (1972); *Whaley v. Rhodes*, 10 N.C. App. 109, 177 S.E. 2d 735 (1970). It is apparent that the district court applied the wrong test in refusing to set aside the entry of default.

For the reasons stated, so much of the district court's order as denied defendant's motion to set aside the judgment by default is reversed and the judgment by default is vacated. So much of the district court's order as denied defendant's motion to set aside the entry of default is vacated and this case is remanded to the district court to consider whether there is good cause to set aside the entry of default. In this connection any doubt should be resolved in favor of setting aside the entry of default so that the case may be decided on its merits. *Whaley v. Rhodes, supra.*

Reversed in part;

Vacated and remanded in part.

Judges ARNOLD and WEBB concur.