BASNIGHT CONSTRUCTION COMPANY, INC., Plaintiff v. PETERS & WHITE CONSTRUCTION COMPANY, Defendant

No. COA04-951

(Filed 5 April 2005)

**1. Judgments— motion to set aside default—no reason for failure to timely file**

The trial court did not abuse its discretion by denying defendant's motion to set aside an entry of default where the trial court found that defendant was careless and negligent in failing to obtain an extension of time for filing an answer. There was no dispute that defendant's Virginia counsel told its North Carolina office to file an extension of time, but no explanation was included in the record for the failure to do so.

**2. Judgments— default—sum certain**

The trial court abused its discretion by not setting aside a default judgment where there was nothing from which damages could be determined other than plaintiff's bare assertion of the amount owed and the clerk lacked authority to enter the default judgment.

Appeal by defendant from judgment entered 28 April 2004 by Judge William C. Griffin, Jr. in Dare County Superior Court. Heard in the Court of Appeals 14 February 2005.

*Aldridge, Seawell, Spence & Felthousen, L.L.P., by Christopher L. Seawell and Thomas P. Routten, for plaintiff-appellee.*

*Hornthal, Riley, Ellis & Maland, L.L.P., by M.H. Hood Ellis, for defendant-appellant.*

ELMORE, Judge.

Peters & White Construction Company (defendant) appeals the trial court's denial of its motion to set aside an entry of default and default judgment against it. We discern no abuse of discretion in the denial of defendant's motion to set aside the entry of default, but must reverse the order denying defendant's motion to set aside the default judgment.

Defendant was a contractor building a collection of sewer lines and treatment facilities for the Englehard Sanitary District located in Hyde County, North Carolina. Basnight Construction Company (plaintiff) was a subcontractor retained to install piping on the project. Upon plaintiff's completion of the project, it was not paid a portion of the money agreed to under the contract between the parties. Accordingly, on 9 September 2003, plaintiff filed suit against defendant for recovery of $51,799.49 under one of two claims: breach of contract or *quantum merit*. Defendant, a Virginia based corporation, was ultimately served with the complaint via the North Carolina Secretary of State on 31 October 2003 after the Secretary's office received the alias and pluries summons on 27 October 2003. Upon receipt, defendant sent the complaint to James R. Harvey, III (Harvey), its counsel at Vandeventer Black, L.L.P. (Vandeventer) in Norfolk, Virginia.

Harvey contacted an attorney in the firm's Kitty Hawk, North Carolina, office in order to transfer the case to its local office. Despite being requested by Harvey to file a motion for extension of time, the Kitty Hawk office failed to do so. In the interim, Harvey determined the firm had a conflict; could not represent defendant in the matter; and sought out and secured Hornthal, Riley, Ellis & Maland, L.L.P. (Ellis), to represent defendant. Harvey informed Ellis of his belief that a responsive pleading was due by 26 December 2003. But, in fact, the responsive pleading was due much earlier, and on 11 December 2003 plaintiff filed for and received an entry of default as well as a default judgment from the Dare County Clerk of Court. Plaintiff was awarded $51,779.49, plus interest and costs.

Harvey determined on 15 December 2003 that no extension was entered on defendant's behalf and a default judgment had been secured. He contacted Ellis who, on 6 January 2004, filed a motion to set aside the entry of default and default judgment. The trial court heard the motion on 22 March 2004 and entered an order denying defendant's motion.

The trial court found that "the failure to obtain an extension of time was the result of the Kitty Hawk Office of Vandeventer Black, LLP's failure to act on the request of the Norfolk Office to obtain said extension of time." The court also found that the failure to file for an extension "constitut[ed] carelessness and negligence." Based on those and other findings, the court concluded:

4. That the evidence presented by the Defendant does not constitute mistake, inadvertence, surprise or excusable neglect under the provisions of Rule 60(b)(1).

5. That the evidence presented by the Defendant does not constitute a grounds [sic] for relief from the default judgment under any other provisions of Rule 60(b).

6. That carelessness and negligence of Defendant's counsel does not constitute an excusable neglect under Rule 60(b) of the North Carolina Rules of Civil Procedure or other grounds for relief under said Rule.

Defendant appeals from this order.

[1] A trial court's decision to grant or deny a motion to set aside an entry of default and default judgment is discretionary. *See Grant v. Cox*, 106 N.C. App. 122, 124-25, 415 S.E.2d 378, 380 (1992). Absent an abuse of that discretion, this Court will not reverse the trial court's ruling. *Id.* N.C. Gen. Stat. § 1A-1, Rule 55(d) (2003), notes that an entry of default may be set aside for "good cause shown," and a default judgment may be set aside "in accordance with Rule 60(b)." Defendant's motion to set aside both the entry of default and default judgment was brought "pursuant to Rule 55" but, as did the trial court, we will look at each individual claim under their appropriate standards. *See Bailey v. Gooding*, 60 N.C. App. 459, 461, 299 S.E.2d 267, 269 (1983) ("An entry of default may be set aside, not by motion pursuant to Rule 60(b), but by motion pursuant to Rule 55(d) and a showing of good cause."); *see also Whaley v. Rhodes*, 10 N.C. App. 109, 111-12, 177 S.E.2d 735, 736 (1970).

In its order denying defendant's motion, the trial court rejected defendant's claim that "the failure to secure an extension of time and enable a timely response or answer to be filed was solely the result of a misunderstanding and mis communication [sic] between Vandeventer Black, L.L.P.'s Norfolk and Kitty Hawk offices." Rather, it found that the delay was on the Kitty Hawk of-

fice's "failure to act on the request," noting that the failure "constitut[ed] carelessness and negligence."

The trial court determined that this omission was not a sufficient showing for good cause to set aside the entry of default. We cannot hold that the trial court abused its discretion in this determination, despite the fact that perhaps other judges may have granted defendant's motion. *See Kennedy v. Starr*, 62 N.C. App. 182, 187-88, 302 S.E.2d 497, 500-01 (1983) (Whichard, J. concurring) (noting the tension between an abuse of discretion standard and a favored result of allowing litigation on the merits of cases). There was no dispute that Harvey informed the Kitty Hawk office to file the extension of time. Yet, no explanation is included in the record as to what caused that office to fail to file the extension, whether that oversight was due to case load, clerical error, or otherwise.

[2] Defendant also appeals that portion of the trial court's order denying his motion to set aside the default judgment. As previously noted, this analysis proceeds under Rule 60(b). Defendant argued that the trial court abused its discretion under several theories, but we find the argument that the default judgment was void most persuasive. *See* N.C. Gen. Stat. § 1A-1, Rule 60(b)(4) (2003) ("[T]he court may relieve a party . . . from a final judgment, order, or proceeding . . . [when] [t]he judgment is void[.]").

N.C. Gen. Stat. § 1A-1, Rule 55(b) deals with the entry of a default judgment. When the plaintiff's claim is for a "sum certain or for a sum which can by computation be made certain," then the default judgment can be entered by a clerk. N.C. Gen. Stat. § 1A-1, Rule 55(b)(1) (2003). Absent a certain dollar amount, the default judgment must be entered by a judge who may conduct a hearing to adequately determine damages. N.C. Gen. Stat. § 1A-1, Rule 55(b)(2) (2003). A review of our case law and the record before us reveals that the default judgment here should have been entered by the judge and not the clerk; the claim is not for a sum certain and the clerk lacked authority to enter judgment.

Plaintiff's complaint for breach of contract stated:

4. The Plaintiff herein performed services pursuant to a contract with the Defendant installing piping materials in Hyde County, North Carolina.

5. Under the terms of the contract and oral modification, the Defendant agreed to pay the Plaintiff for labor and services per-

formed with the last labor and materials being provided pursuant to said contract on or about July 1, 2002.

6. The Plaintiff has made demand upon the Defendant for the payment of labor and services, but the Defendant has refused and continues to refuse to pay same.

Plaintiff's second claim for relief was for *quantum merit* and did allege that the value of the services was $51,779.49. Finally, in the prayer for relief, plaintiff asked the trial court for "$51,779.49 plus statutory interest as provided by law [] pursuant to the contract between the Plaintiff and Defendant."

The complaint was unverified and submitted without any attachments or exhibits. Therefore, plaintiff filed an affidavit with his motion for default judgment that verified the information in the complaint was true and reiterated that $51,779.49 was due pursuant to the contract. Nonetheless, no contract, invoice, or other documentation from which the Clerk could compute a sum certain was attached to the motion or the affidavit.

Our Court in *Realty, Inc. v. Hastings*, 45 N.C. App. 307, 262 S.E.2d 858 (1980), held that the mere demand for judgment of a specified dollar amount was not enough under the statute to permit the Clerk to enter a default judgment.

> Plaintiff's claim as stated in its complaint in the present case was neither for "a sum certain" nor for "a sum which can by computation be made certain" within the meaning of Rule 55(b). The mere demand for judgment of a specified dollar amount does not suffice to make plaintiff's claim one for "a sum certain" as contemplated by Rule 55(b). Such a demand is normally included in the prayer for relief in every complaint in which monetary damages are sought, including complaints alleging claims for damages for bodily injuries caused by a defendant's negligence. The complaint in the present case alleged a breach of contract by the defendant, but nothing in the allegations of the complaint makes it possible to compute the amount of damages to which plaintiff is entitled by reason of the breach.

*Id.*, 45 N.C. App. at 309-10, 262 S.E.2d at 859-60. In *Cox*, we summarized and compared several cases dealing with this issue, determining that for damages to be certain, more evidence is needed "than simply the plaintiff['s] bare assertion of the amount owed." *Cox*, 106 N.C. App. at 127-28, 415 S.E.2d at 381-82.

There was nothing in the case *sub judice* to determine the amount of damages other than bare assertion. What would help identify the amount owed with some level of certainty would typically be the contract or submitted invoice, with which the Clerk could accurately calculate or verify the money owed. Here, the six sentence affidavit which the Clerk reviewed, and the only evidence of an exact amount, stated in one place that the amount owed was $55,779.49, and in another $51,779.49. Plaintiff argues that this is a typographical error. While that may be, this error demonstrates the *lack* of certainty as to the amount owed. The Clerk had no ability to verify which number was a typographical error and could have easily entered an award of $55,779.49 as a sum certain if all that is necessary is an assertion.

Accordingly, we find that the Clerk lacked authority to enter the default judgment and the judgment was void as a matter of law. Regardless of whether the trial court thought there was excusable neglect, it was an abuse of discretion for it to find that the evidence presented constituted no other grounds for relief under Rule 60(b). N.C. Gen. Stat. § 1A-1, Rule 60(b)(4) states that a trial court *may* provide relief from a void judgment. Under the circumstances here, we find that the trial court did abuse its discretion in denying defendant's motion to set aside the default judgment against it.

Thus, we affirm the trial court's denial of defendant's motion pertaining to the entry of default, but we reverse the order denying defendant's motion to set aside the default judgment and remand to the trial court to determine under Rule 55(b)(2) what damages, if any, plaintiff is entitled to recover. *See Cox*, 106 N.C. App. at 128, 415 S.E.2d at 382.

Affirmed in part; vacated and remanded in part.

Chief Judge MARTIN and Judge McCULLOUGH concur.