IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA19-957

Filed: 7 April 2020

Randolph County, No. 17 CVD 1904

UNIFUND CCR PARTNERS, Plaintiff,

v.

KRYSTAL G. LOGGINS, Defendant.

Appeal by Defendant from order entered 17 July 2019 by Judge Lee W. Gavin in Randolph County District Court. Heard in the Court of Appeals 18 March 2020.

*Sessoms & Rogers, P.A., by Andrew E. Hoke, for Plaintiff-Appellee.*

*Law Office of Jonathan R. Miller, PLLC, d/b/a Salem Community Law Office, by Jonathan R. Miller, for Defendant-Appellant.*

COLLINS, Judge.

Defendant Krystal G. Loggins appeals from order granting summary judgment to Plaintiff Unifund CCR Partners in its action to renew a judgment of record[1] against Defendant. Defendant argues that the judgment, entered by the assistant clerk of court as a default judgment, cannot be renewed because it was void where Plaintiff's claim was not for a sum certain. We affirm the trial court's order.

---

[1] An independent action to collect on a prior judgement is often colloquially referred to as an action to "renew" a judgment. *See Raccoon Valley Inv. Co. v. Toler*, 32 N.C. App. 461, 462-64, 232 S.E.2d 717, 718 (1977).

## I. Factual and Procedural History

The facts are not in dispute. Defendant entered into a written credit agreement with Citibank (South Dakota), N.A., establishing a credit card account that was later sold to Plaintiff. On 2 February 2005, Defendant defaulted under the terms of the credit agreement by failing to make the required payments.

Plaintiff commenced a civil action against Defendant on 27 August 2007 by filing an unverified complaint in Randolph County District Court, alleging in relevant part:

> 6. Pursuant to the terms and provisions of the note or credit agreement, the defendant is lawfully indebted to the plaintiff in the principal sum of $4,776.88 together with interest thereon at the contract rate of 23.99% per annum. Said sum has been outstanding since February 2, 2005.
>
> 7. The written credit agreement between the parties contains provisions for the payment of attorneys fees in the event of default. The balance outstanding is currently $7,703.04, comprised of the principal, together with interest to date of $2,926.16. Pursuant to the provisions of [N.C. Gen. Stat.] § 6-21.2, the plaintiff hereby gives notice to the defendant that it intends to enforce those provisions of the credit agreement calling for the payment of attorneys fees. . . .

N.C. Gen. Stat. § 6-21.2 allows for the recovery of reasonable attorneys' fees at a rate of 15% of the outstanding balance owed. Plaintiff attached a copy of the credit card agreement to the complaint. Plaintiff served the complaint and summons on Defendant on 28 August 2007.

After Defendant failed to file an answer or any other pleading or appear in court, Plaintiff filed a motion on 3 October 2007 for entry of default and default judgment, accompanied by an affidavit from Plaintiff's attorney and an affidavit of account from an authorized representative of Plaintiff, stating:

> [Affiant] has read the Complaint which was filed in this action, and the allegations contained therein are true and accurate of his/her own knowledge, except as to those matters and things therein stated upon information and belief, and as to those (s)he believes them to be true. The contents of said Complaint are incorporated herein by this reference, and are hereby verified to be true.
>
> The Defendant entered into a promissory note or written credit agreement with Citibank (South Dakota), N.A.[] The Plaintiff has purchased and is the holder in due course of the account referred to herein. A true and accurate copy of the terms of the promissory note or account agreement between the parties was attached to the Complaint filed herein. The Defendant is in default under the terms thereof for failure to make the required payments. As a result of the Defendant's default, [Plaintiff] has declared the entire outstanding balance due and payable.
>
> . . . . .
>
> [Defendant] is currently indebted to [Plaintiff] in the principal sum of $4,776.88, together with interest thereon at the rate of 23.99% per annum from and after February 2, 2005, the date of the [D]efendant's default, reasonable attorneys fees, and costs.

On 3 October 2007, the assistant clerk of superior court ordered entry of default and default judgment ("2007 default judgment"), pursuant to Rules 55(a) and 55(b) of the North Carolina Rules of Civil Procedure. The assistant clerk of superior

court ("clerk") found that the action was "for a sum certain or a sum which can by computation be made certain," and ordered recovery for Plaintiff of the principal sum of $4,776.88 plus 23.99% interest calculated to the date of entry of the judgment; interest accrued at 8% after the date of entry of the judgment until paid; reasonable attorneys' fees in the amount of $1,155.46, an amount equal to 15% of $7,703.04, pursuant to N.C. Gen. Stat. § 6-21.2; and costs associated with the action.

On 15 September 2017, Plaintiff filed an unverified complaint in Randolph County District Court ("2017 action") seeking to renew the 2007 judgment. The complaint alleged that Plaintiff had obtained a judgment against Defendant on 3 October 2007 and that no payments had been received since entry of the judgment. Plaintiff attached the 2007 judgment and an affidavit to the complaint. Defendant filed an answer with counterclaims on or around 19 October 2017. On or around 28 November 2017, Plaintiff filed a motion to dismiss Plaintiff's counterclaims, which the trial court granted on 12 July 2018. Plaintiff filed a motion for summary judgment on 20 December 2018. On 17 July 2019, the trial court conducted a hearing and entered an order granting summary judgment to Plaintiff.

Defendant filed notice of appeal of the summary-judgment order on 15 August 2019.

## II. Discussion

Defendant argues that the trial court erred by granting summary judgment to Plaintiff in the 2017 action, thereby allowing Plaintiff to renew the 2007 judgment. Defendant specifically argues that the clerk lacked jurisdiction to enter the 2007 default judgment because Plaintiff's claim was not for a sum certain and thus, the 2007 judgment was void ab initio.

"Whether a trial court has subject-matter jurisdiction is a question of law, reviewed de novo on appeal." *McKoy v. McKoy*, 202 N.C. App. 509, 511, 689 S.E.2d 590, 592 (2010). Likewise, an appeal of an order granting summary judgment is reviewed de novo. *In re Will of Jones*, 362 N.C. 569, 573, 669 S.E.2d 572, 576 (2008). Summary judgment is proper if the record shows that "there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." *Id.* (internal quotation marks and citation omitted).

"A challenge to jurisdiction may be made at any time." *Hart v. Thomasville Motors, Inc.*, 244 N.C. 84, 90, 92 S.E.2d 673, 678 (1956) (citation omitted). "A judgment is void, when there is a want of jurisdiction by the court . . . ." *Id.* (citation omitted). A void judgment "is a nullity [and] [i]t may be attacked collaterally at any time [because] legal rights do not flow from it." *Cunningham v. Brigman*, 263 N.C. 208, 211, 139 S.E.2d 353, 355 (1964) (citations omitted).

The owner of a judgment may obtain a new judgment to collect any unpaid amount due on a prior judgment by bringing "an independent action on the prior judgment, which . . . must be commenced and prosecuted as in the case of any other civil action brought to recover judgment on a debt." *Raccoon Valley*, 32 N.C. App. at 463, 232 S.E.2d at 718 (internal quotation marks and citation omitted). An independent action seeking to effectively renew a judgment must be brought within ten years of entry of the original judgment, and such renewal action can only be brought once. N.C. Gen. Stat. § 1-47(1) (2017). In an action to renew a judgment, a plaintiff should allege the existence of a prior judgment against the defendant; the fact that full payment on the judgment has not been made; and an accounting of the unpaid balance due and any applicable interest. *Raccoon Valley*, 32 N.C. App. at 463-64, 232 S.E.2d at 718-19.

Here, Defendant does not challenge the process by which the 2017 action to renew a judgment was brought, but instead argues that the underlying default judgment entered by the clerk in 2007 is void and thus cannot be renewed.

The clerk shall enter default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or is otherwise subject to default judgment as provided by these rules or by statute and that fact is made to appear by affidavit, motion of attorney for the plaintiff, or otherwise[.]" N.C. Gen. Stat. § 1A-1, Rule 55(a) (2017). When a defendant fails to answer a complaint and default is

entered, the substantive allegations raised by the complaint are deemed admitted for purposes of default judgment. *Bell v. Martin*, 299 N.C. 715, 721, 264 S.E.2d 101, 105 (1980).

After default has been entered against a defendant, judgment by default may be entered by the clerk "[w]hen the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain[.]" N.C. Gen. Stat. § 1A-1, Rule 55(b)(1) (2017).[2] The amount due must appear in an affidavit. *Id.* A verified pleading may be used in lieu of an affidavit when the pleading contains information sufficient to compute or determine the sum certain. *Id.* "Absent a certain dollar amount, the default judgment must be entered by a judge who may conduct a hearing to adequately determine damages." *Basnight Constr. Co. v. Peters & White Constr. Co.*, 169 N.C. App. 619, 622, 610 S.E.2d 469, 471 (2005) (citing N.C. Gen. Stat. § 1A-1, Rule 55(b)(2) (2003)). If the clerk lacked the authority to enter a default judgment because the claim was not for a sum certain, then the judgment is void as a matter of law. *Id.* at 624, 610 S.E.2d at 472.

In *Smith v. Barfield*, 77 N.C. App. 217, 334 S.E.2d 487 (1985), plaintiffs alleged in a verified complaint that defendants had agreed to move a house for $10,700, one-half to be paid when the house was loaded for moving; that plaintiffs paid $5,350

---

[2] For the clerk to enter default judgment, this rule also requires that "the defendant has been defaulted for failure to appear and [] the defendant is not an infant or incompetent person." *Id.* Neither of these requirements is at issue in this case.

under the agreement; and that defendants failed to move the house. These allegations constituted a "sum certain" under Rule 55(b)(1). *Id.* at 218, 334 S.E.2d at 488. Similarly, in *Thompson v. Dillingham*, 183 N.C. 566, 112 S.E. 321 (1922), plaintiff's verified complaint alleged that defendants owed plaintiff $2,000 on the purchase price of an automobile, which defendants had expressly promised to pay. These allegations constituted a "sum certain" sufficient to sustain the clerk's entry of default judgment. *Id.* at 567, 112 S.E. at 322.

In contrast, in *Hecht Realty, Inc. v. Hastings*, 45 N.C. App. 307, 262 S.E.2d 858 (1980), the allegations in plaintiff's complaint were not sufficient to state a claim "for a sum certain or a sum which can by computation be made certain" within Rule 55(b)(1). Plaintiff's complaint alleged a breach of contract by defendant, but nothing in the allegations of the complaint made it possible to compute the amount of damages to which plaintiff was entitled by reason of the breach. Exhibit A, a copy of the exclusive sales agreement, and Exhibit B, a copy of the sales contract, which presumably would have supported the amount of the demand, were not attached to either the original complaint filed with the clerk nor to the complaint sent to defendant. Although plaintiff demanded judgment in the prayer for relief "in the sum of Three Thousand Two Hundred Ten Dollars ($3,210.00), together with interest and the costs of this action[,]" this Court held that "[t]he mere demand for judgment of a specified dollar amount does not suffice to make plaintiff's claim one for 'a sum

certain' as contemplated by Rule 55(b)." *Id.* at 309, 262 S.E.2d at 859. *See also Williams v. Moore*, 95 N.C. App. 601, 605, 383 S.E.2d 416, 418 (1989) (no sum certain when damages were mitigated by a sum based on plaintiff's estimate of fair rental value of some unspecified amount of land); *Basnight*, 169 N.C. App. at 624, 610 S.E.2d at 472 (no sum certain where "the six sentence affidavit which the Clerk reviewed, and the only evidence of an exact amount, stated in one place that the amount owed was $ 55,779.49, and in another $ 51,779.49"); *Grant v. Cox*, 106 N.C. App. 122, 128, 415 S.E.2d 378, 382 (1992) (no sum certain where plaintiffs alleged they were damaged $25,000, the "fair market value" of the timber defendants cut; an affidavit from a consulting forester opining that the timber was worth between $25,000 and $30,000 was not properly before the court; and no other information was before the court showing how plaintiffs computed the fair market value of the trees).

In this case, Plaintiff's 2007 complaint alleged that Defendant was lawfully indebted to Plaintiff for the principal sum of $4,776.88 together with interest at a contract rate of 23.99% per annum, that the unpaid amount had been outstanding since 2 February 2005, and that Plaintiff was entitled to calculable attorneys' fees under N.C. Gen. Stat. § 6-21.2. Plaintiff attached the credit card agreement to the complaint. Plaintiff's affidavit incorporated by reference and verified the allegations in the complaint, which included the following: Plaintiff was the holder in due course of the credit agreement; Defendant was in default under the terms of the agreement;

the entire outstanding balance was due under the terms of the agreement; and Defendant was "currently indebted to [Plaintiff] in the principal sum of $4,776.88, together with interest thereon at the rate of 23.99% per annum from and after February 2, 2005, the date of [Defendant's] default, reasonable attorneys fees, and costs." When Defendant failed to answer the complaint and default was entered, the substantive allegations raised by the complaint were deemed admitted for purposes of default judgment, *see Bell*, 299 N.C. at 721, 264 S.E.2d at 105, obviating the need for further evidence to support the allegations.

Unlike the complaint in *Hecht Realty*, which demanded judgment for a specified amount but failed to include allegations making it possible to compute the amount of damages to which plaintiff was entitled, here, Plaintiff's affidavit and complaint verified by affidavit included specific allegations enabling the clerk to identify the amount owed with certainty. *See Basnight*, 169 N.C. App. at 624, 610 S.E.2d at 472. Moreover, unlike in *Williams* and *Grant* wherein plaintiffs based their claims on the fair rental of land and the fair market value of trees, respectively, which are subjective values requiring the use of certain methods to determine such values, here, the amount of the money owed could be specifically determined and averred to. Thus, as in *Smith* and *Thompson*, these allegations constituted a "sum certain" sufficient to sustain the clerk's entry of default judgment.

### III. CONCLUSION

As Plaintiff's claim was for a sum certain, the clerk had the authority to enter the 2007 default judgment, and thus the judgment was not void. As the judgment was not void, there is no genuine issue as to any material fact, and Plaintiff is entitled to a judgment as a matter of law in its 2017 action to renew the 2007 default judgment. Accordingly, the trial court's entry of summary judgment is affirmed.

AFFIRMED.

Judges DILLON and BROOK concur.