IN THE COURT OF APPEALS OF NORTH CAROLINA

 No. COA19-957

 Filed: 7 April 2020

Randolph County, No. 17 CVD 1904

UNIFUND CCR PARTNERS, Plaintiff,

 v.

KRYSTAL G. LOGGINS, Defendant.

 Appeal by Defendant from order entered 17 July 2019 by Judge Lee W. Gavin

in Randolph County District Court. Heard in the Court of Appeals 18 March 2020.

 Sessoms & Rogers, P.A., by Andrew E. Hoke, for Plaintiff-Appellee.

 Law Office of Jonathan R. Miller, PLLC, d/b/a Salem Community Law Office,
 by Jonathan R. Miller, for Defendant-Appellant.

 COLLINS, Judge.

 Defendant Krystal G. Loggins appeals from order granting summary judgment

to Plaintiff Unifund CCR Partners in its action to renew a judgment of record1 against

Defendant. Defendant argues that the judgment, entered by the assistant clerk of

court as a default judgment, cannot be renewed because it was void where Plaintiff’s

claim was not for a sum certain. We affirm the trial court’s order.

 1 An independent action to collect on a prior judgement is often colloquially referred to as an
action to “renew” a judgment. See Raccoon Valley Inv. Co. v. Toler, 32 N.C. App. 461, 462-64, 232
S.E.2d 717, 718 (1977).
 UNIFUND CCR PARTNERS V. LOGGINS

 Opinion of the Court

 I. Factual and Procedural History

 The facts are not in dispute. Defendant entered into a written credit

agreement with Citibank (South Dakota), N.A., establishing a credit card account

that was later sold to Plaintiff. On 2 February 2005, Defendant defaulted under the

terms of the credit agreement by failing to make the required payments.

 Plaintiff commenced a civil action against Defendant on 27 August 2007 by

filing an unverified complaint in Randolph County District Court, alleging in relevant

part:

 6. Pursuant to the terms and provisions of the note or
 credit agreement, the defendant is lawfully indebted to the
 plaintiff in the principal sum of $4,776.88 together with
 interest thereon at the contract rate of 23.99% per annum.
 Said sum has been outstanding since February 2, 2005.
 7. The written credit agreement between the parties
 contains provisions for the payment of attorneys fees in the
 event of default. The balance outstanding is currently
 $7,703.04, comprised of the principal, together with
 interest to date of $2,926.16. Pursuant to the provisions of
 [N.C. Gen. Stat.] § 6-21.2, the plaintiff hereby gives notice
 to the defendant that it intends to enforce those provisions
 of the credit agreement calling for the payment of attorneys
 fees. . . .

N.C. Gen. Stat. § 6-21.2 allows for the recovery of reasonable attorneys’ fees at a rate

of 15% of the outstanding balance owed. Plaintiff attached a copy of the credit card

agreement to the complaint. Plaintiff served the complaint and summons on

Defendant on 28 August 2007.

 -2-
 UNIFUND CCR PARTNERS V. LOGGINS

 Opinion of the Court

 After Defendant failed to file an answer or any other pleading or appear in

court, Plaintiff filed a motion on 3 October 2007 for entry of default and default

judgment, accompanied by an affidavit from Plaintiff’s attorney and an affidavit of

account from an authorized representative of Plaintiff, stating:

 [Affiant] has read the Complaint which was filed in
 this action, and the allegations contained therein are true
 and accurate of his/her own knowledge, except as to those
 matters and things therein stated upon information and
 belief, and as to those (s)he believes them to be true. The
 contents of said Complaint are incorporated herein by this
 reference, and are hereby verified to be true.
 The Defendant entered into a promissory note or
 written credit agreement with Citibank (South Dakota),
 N.A.[] The Plaintiff has purchased and is the holder in due
 course of the account referred to herein. A true and
 accurate copy of the terms of the promissory note or
 account agreement between the parties was attached to the
 Complaint filed herein. The Defendant is in default under
 the terms thereof for failure to make the required
 payments. As a result of the Defendant’s default,
 [Plaintiff] has declared the entire outstanding balance due
 and payable.
 .....

 [Defendant] is currently indebted to [Plaintiff] in the
 principal sum of $4,776.88, together with interest thereon
 at the rate of 23.99% per annum from and after February 2,
 2005, the date of the [D]efendant’s default, reasonable
 attorneys fees, and costs.

 On 3 October 2007, the assistant clerk of superior court ordered entry of

default and default judgment (“2007 default judgment”), pursuant to Rules 55(a) and

55(b) of the North Carolina Rules of Civil Procedure. The assistant clerk of superior

 -3-
 UNIFUND CCR PARTNERS V. LOGGINS

 Opinion of the Court

court (“clerk”) found that the action was “for a sum certain or a sum which can by

computation be made certain,” and ordered recovery for Plaintiff of the principal sum

of $4,776.88 plus 23.99% interest calculated to the date of entry of the judgment;

interest accrued at 8% after the date of entry of the judgment until paid; reasonable

attorneys’ fees in the amount of $1,155.46, an amount equal to 15% of $7,703.04,

pursuant to N.C. Gen. Stat. § 6-21.2; and costs associated with the action.

 On 15 September 2017, Plaintiff filed an unverified complaint in Randolph

County District Court (“2017 action”) seeking to renew the 2007 judgment. The

complaint alleged that Plaintiff had obtained a judgment against Defendant on

3 October 2007 and that no payments had been received since entry of the judgment.

Plaintiff attached the 2007 judgment and an affidavit to the complaint. Defendant

filed an answer with counterclaims on or around 19 October 2017. On or around

28 November 2017, Plaintiff filed a motion to dismiss Plaintiff’s counterclaims, which

the trial court granted on 12 July 2018. Plaintiff filed a motion for summary

judgment on 20 December 2018. On 17 July 2019, the trial court conducted a hearing

and entered an order granting summary judgment to Plaintiff.

 Defendant filed notice of appeal of the summary-judgment order on 15 August

2019.

 -4-
 UNIFUND CCR PARTNERS V. LOGGINS

 Opinion of the Court

 II. Discussion

 Defendant argues that the trial court erred by granting summary judgment to

Plaintiff in the 2017 action, thereby allowing Plaintiff to renew the 2007 judgment.

Defendant specifically argues that the clerk lacked jurisdiction to enter the 2007

default judgment because Plaintiff’s claim was not for a sum certain and thus, the

2007 judgment was void ab initio.

 “Whether a trial court has subject-matter jurisdiction is a question of law,

reviewed de novo on appeal.” McKoy v. McKoy, 202 N.C. App. 509, 511, 689 S.E.2d

590, 592 (2010). Likewise, an appeal of an order granting summary judgment is

reviewed de novo. In re Will of Jones, 362 N.C. 569, 573, 669 S.E.2d 572, 576 (2008).

Summary judgment is proper if the record shows that “there is no genuine issue as

to any material fact and that any party is entitled to a judgment as a matter of law.”

Id. (internal quotation marks and citation omitted).

 “A challenge to jurisdiction may be made at any time.” Hart v. Thomasville

Motors, Inc., 244 N.C. 84, 90, 92 S.E.2d 673, 678 (1956) (citation omitted). “A

judgment is void, when there is a want of jurisdiction by the court . . . .” Id. (citation

omitted). A void judgment “is a nullity [and] [i]t may be attacked collaterally at any

time [because] legal rights do not flow from it.” Cunningham v. Brigman, 263 N.C.

208, 211, 139 S.E.2d 353, 355 (1964) (citations omitted).

 -5-
 UNIFUND CCR PARTNERS V. LOGGINS

 Opinion of the Court

 The owner of a judgment may obtain a new judgment to collect any unpaid

amount due on a prior judgment by bringing “an independent action on the prior

judgment, which . . . must be commenced and prosecuted as in the case of any other

civil action brought to recover judgment on a debt.” Raccoon Valley, 32 N.C. App. at

463, 232 S.E.2d at 718 (internal quotation marks and citation omitted). An

independent action seeking to effectively renew a judgment must be brought within

ten years of entry of the original judgment, and such renewal action can only be

brought once. N.C. Gen. Stat. § 1-47(1) (2017). In an action to renew a judgment, a

plaintiff should allege the existence of a prior judgment against the defendant; the

fact that full payment on the judgment has not been made; and an accounting of the

unpaid balance due and any applicable interest. Raccoon Valley, 32 N.C. App. at 463-

64, 232 S.E.2d at 718-19.

 Here, Defendant does not challenge the process by which the 2017 action to

renew a judgment was brought, but instead argues that the underlying default

judgment entered by the clerk in 2007 is void and thus cannot be renewed.

 The clerk shall enter default “[w]hen a party against whom a judgment for

affirmative relief is sought has failed to plead or is otherwise subject to default

judgment as provided by these rules or by statute and that fact is made to appear by

affidavit, motion of attorney for the plaintiff, or otherwise[.]” N.C. Gen. Stat. § 1A-1,

Rule 55(a) (2017). When a defendant fails to answer a complaint and default is

 -6-
 UNIFUND CCR PARTNERS V. LOGGINS

 Opinion of the Court

entered, the substantive allegations raised by the complaint are deemed admitted for

purposes of default judgment. Bell v. Martin, 299 N.C. 715, 721, 264 S.E.2d 101, 105

(1980).

 After default has been entered against a defendant, judgment by default may

be entered by the clerk “[w]hen the plaintiff’s claim against a defendant is for a sum

certain or for a sum which can by computation be made certain[.]” N.C. Gen. Stat.

§ 1A-1, Rule 55(b)(1) (2017).2 The amount due must appear in an affidavit. Id. A

verified pleading may be used in lieu of an affidavit when the pleading contains

information sufficient to compute or determine the sum certain. Id. “Absent a certain

dollar amount, the default judgment must be entered by a judge who may conduct a

hearing to adequately determine damages.” Basnight Constr. Co. v. Peters & White

Constr. Co., 169 N.C. App. 619, 622, 610 S.E.2d 469, 471 (2005) (citing N.C. Gen. Stat.

§ 1A-1, Rule 55(b)(2) (2003)). If the clerk lacked the authority to enter a default

judgment because the claim was not for a sum certain, then the judgment is void as

a matter of law. Id. at 624, 610 S.E.2d at 472.

 In Smith v. Barfield, 77 N.C. App. 217, 334 S.E.2d 487 (1985), plaintiffs alleged

in a verified complaint that defendants had agreed to move a house for $10,700,

one-half to be paid when the house was loaded for moving; that plaintiffs paid $5,350

 2 For the clerk to enter default judgment, this rule also requires that “the defendant has been
defaulted for failure to appear and [] the defendant is not an infant or incompetent person.” Id.
Neither of these requirements is at issue in this case.

 -7-
 UNIFUND CCR PARTNERS V. LOGGINS

 Opinion of the Court

under the agreement; and that defendants failed to move the house. These

allegations constituted a “sum certain” under Rule 55(b)(1). Id. at 218, 334 S.E.2d at

488. Similarly, in Thompson v. Dillingham, 183 N.C. 566, 112 S.E. 321 (1922),

plaintiff’s verified complaint alleged that defendants owed plaintiff $2,000 on the

purchase price of an automobile, which defendants had expressly promised to pay.

These allegations constituted a “sum certain” sufficient to sustain the clerk’s entry of

default judgment. Id. at 567, 112 S.E. at 322.

 In contrast, in Hecht Realty, Inc. v. Hastings, 45 N.C. App. 307, 262 S.E.2d 858

(1980), the allegations in plaintiff’s complaint were not sufficient to state a claim “for

a sum certain or a sum which can by computation be made certain” within Rule

55(b)(1). Plaintiff’s complaint alleged a breach of contract by defendant, but nothing

in the allegations of the complaint made it possible to compute the amount of damages

to which plaintiff was entitled by reason of the breach. Exhibit A, a copy of the

exclusive sales agreement, and Exhibit B, a copy of the sales contract, which

presumably would have supported the amount of the demand, were not attached to

either the original complaint filed with the clerk nor to the complaint sent to

defendant. Although plaintiff demanded judgment in the prayer for relief “in the sum

of Three Thousand Two Hundred Ten Dollars ($3,210.00), together with interest and

the costs of this action[,]” this Court held that “[t]he mere demand for judgment of a

specified dollar amount does not suffice to make plaintiff's claim one for ‘a sum

 -8-
 UNIFUND CCR PARTNERS V. LOGGINS

 Opinion of the Court

certain’ as contemplated by Rule 55(b).” Id. at 309, 262 S.E.2d at 859. See also

Williams v. Moore, 95 N.C. App. 601, 605, 383 S.E.2d 416, 418 (1989) (no sum certain

when damages were mitigated by a sum based on plaintiff’s estimate of fair rental

value of some unspecified amount of land); Basnight, 169 N.C. App. at 624, 610 S.E.2d

at 472 (no sum certain where “the six sentence affidavit which the Clerk reviewed,

and the only evidence of an exact amount, stated in one place that the amount owed

was $ 55,779.49, and in another $ 51,779.49”); Grant v. Cox, 106 N.C. App. 122, 128,

415 S.E.2d 378, 382 (1992) (no sum certain where plaintiffs alleged they were

damaged $25,000, the “fair market value” of the timber defendants cut; an affidavit

from a consulting forester opining that the timber was worth between $25,000 and

$30,000 was not properly before the court; and no other information was before the

court showing how plaintiffs computed the fair market value of the trees).

 In this case, Plaintiff’s 2007 complaint alleged that Defendant was lawfully

indebted to Plaintiff for the principal sum of $4,776.88 together with interest at a

contract rate of 23.99% per annum, that the unpaid amount had been outstanding

since 2 February 2005, and that Plaintiff was entitled to calculable attorneys’ fees

under N.C. Gen. Stat. § 6-21.2. Plaintiff attached the credit card agreement to the

complaint. Plaintiff’s affidavit incorporated by reference and verified the allegations

in the complaint, which included the following: Plaintiff was the holder in due course

of the credit agreement; Defendant was in default under the terms of the agreement;

 -9-
 UNIFUND CCR PARTNERS V. LOGGINS

 Opinion of the Court

the entire outstanding balance was due under the terms of the agreement; and

Defendant was “currently indebted to [Plaintiff] in the principal sum of $4,776.88,

together with interest thereon at the rate of 23.99% per annum from and after

February 2, 2005, the date of [Defendant’s] default, reasonable attorneys fees, and

costs.” When Defendant failed to answer the complaint and default was entered, the

substantive allegations raised by the complaint were deemed admitted for purposes

of default judgment, see Bell, 299 N.C. at 721, 264 S.E.2d at 105, obviating the need

for further evidence to support the allegations.

 Unlike the complaint in Hecht Realty, which demanded judgment for a

specified amount but failed to include allegations making it possible to compute the

amount of damages to which plaintiff was entitled, here, Plaintiff’s affidavit and

complaint verified by affidavit included specific allegations enabling the clerk to

identify the amount owed with certainty. See Basnight, 169 N.C. App. at 624, 610

S.E.2d at 472. Moreover, unlike in Williams and Grant wherein plaintiffs based their

claims on the fair rental of land and the fair market value of trees, respectively, which

are subjective values requiring the use of certain methods to determine such values,

here, the amount of the money owed could be specifically determined and averred to.

Thus, as in Smith and Thompson, these allegations constituted a “sum certain”

sufficient to sustain the clerk’s entry of default judgment.

 - 10 -
 UNIFUND CCR PARTNERS V. LOGGINS

 Opinion of the Court

 III. CONCLUSION

 As Plaintiff’s claim was for a sum certain, the clerk had the authority to enter

the 2007 default judgment, and thus the judgment was not void. As the judgment

was not void, there is no genuine issue as to any material fact, and Plaintiff is entitled

to a judgment as a matter of law in its 2017 action to renew the 2007 default

judgment. Accordingly, the trial court’s entry of summary judgment is affirmed.

 AFFIRMED.

 Judges DILLON and BROOK concur.

 - 11 -