This is a scire facias against the defendants, who became securities for the prosecution of a writ of certiorari. The plaintiff failed in his action, and it is contended that the bond is void upon the ground the court below had no power to require the plaintiff to give bond for the prosecution; that the act of the General Assembly had not directed the clerk to take such security, and that the authority of the court was usurped. It is also objected that if the bond should be considered valid, it cannot be enforced by scire facias. *Page 40 
We are unanimously of opinion that there is nothing in the first objection; that it is in the power of the court, and that it is its duty to exercise it in every case, upon application, where bond has been omitted by the clerk, or where the obligors are insufficient.
As to the second objection, we are of opinion that this bond not being matter of record, a sci. fa. will not lie, unless directed by statute; and that however general the practice may have been, and however convenient, yet in point of law it cannot be sustained, and that there be judgment for defendants.
NOTE. — See Waller v. Brodie, 2 N.C. 28, and the note thereto. Also, Rosseau v. Thornberry, post, 326; Estes v. Hairston, 12 N.C. 354;Speight v. Wooten, 14 N.C. 327.
Under the act of 1810 (1 Rev. Stat., ch. 4, sec. 16) it is the duty of the clerk of the county court, and not that of the clerk of the Superior Court, to take bond and security upon a writ of certiorari being granted.Edmondson v. Washington, 12 N.C. 252.
Cited: McDowell v. Bradley, 30 N.C. 93; Russell v. Saunders, 48 N.C. 432;Wall v. Fairly, 66 N.C. 386.
(50)