The defendant was sued in IREDELL County court in an action of debt founded in the obligation of his intestate for the payment of $170, made in 1812, and pleaded thereto the general issue, and retainer to the amount of $873.66 1/2, and confessed assets in hand to the amount of $1,789.20 1/2, and no assets beyond.
The jury found that the administrator detained from the plaintiff the sum of $190.32; that the defendant was entitled to a retainer of $876.66 1/2, exclusive of commissions, and that there were assets beyond sufficient to pay the judgment and costs.
On the judgment a scire facias issued, to which the defendant pleadednul tiel record, payment and set-off. It was found by a jury that "There is no payment or set off; that the judgment of $190.32, and damages by way of interest to $60.50," and the court adjudged that there was such a record. The defendant appealed to the Superior Court of the county; and a jury there found against the defendant on his pleas of payment and set-off, and the court adjudged that there was such record, and gave judgment for $190.32 principal, and for the further sum of $84.62 interest up to the present time; whereupon defendant appealed to this Court. The record did not show that any (37) formal judgment had ever been entered upon the verdict against the defendant in the first suit.
The evident design of the Act of 1807, chapter 721, was to allow (40) the plaintiff interest on the principal sum recovered in a judgment from the time of its rendition; and the direction to the jury to distinguish between the principal and interest was intended to provide for those cases in which the whole sum is assessed in damages, so as to enable the clerk or the sheriff to compute the interest on the principal sum. But where the principal and interest are discriminated on the record, or it can be collected from an inspection of it what the principal sum was, it is equally within the spirit of the act that interest should be calculated on that; and as the note is here spread on the record, and the principal of it corresponds precisely with the sum demanded in the writ, it is plain that the verdict was formed on a calculation of the principal and interest, and a deduction of the payment endorsed. There can be no difficulty in reforming the *Page 20 
judgement of the court according to the act. The objection that no formal judgment was entered in the county court cannot prevail without reversing, perhaps, the greater part of the proceedings which have been had for years past. The judgement must be considered as entered according to the opinion which this Court has constantly entertained. Jones v. Zollicoffer,4 N.C. 48.