Pearson, C. J.
 

 We think his Honor erred in overruling the motion to dismiss the
 
 scire facias.
 
 -
 

 The motion presented the question of the constitutional
 
 *210
 
 ity of the ordinance of the Convention — that no
 
 scire facias
 
 shall thereafter be issued to revive a dormant judgment, and every
 
 scire facias
 
 then pending in court shall be dismissed at the cost of the defendant. Without reference to the wisdom or policy of this enactment, the naked question is, Had the Convention power so to ordain ?
 

 We find by reference to the books that, at common law, the remedy of the creditor was an action of debt on former judgment. The Statute, 13 Edw. I, ch. 15, re-enacted in the Rev. Code, ch. 31, sec. 109, gives to the creditor an additional remedy by
 
 scire facias.
 
 The effect of the ordinance is to repeal the Statute, 13 Edw. I, and leave the creditor to his common law remedy. This does not impair the obligation of the contract, but simply takes from the creditor the additional remedy provided by statute, and leaves him to his common law remedy; so the ordinance does not impair the obligation of the contract or deny a remedy. This the Convention, which represented the people as if assembled “ in campis,” had the
 
 power
 
 to do.
 

 There is error.
 

 Per Curiam. Judgment of the court below reversed; and judgment here that the
 
 scire facias
 
 be dismissed at defendant’s costs.