P. M. REID v. W. A. BRISTOL AND MABEL L. BRISTOL.

(Filed 23 March, 1955.)

**1. Judgments § 23—**

Under the proviso in G.S. 1-306 no execution upon any judgment for money may be issued after 10 years of the date of the rendition thereof (G.S. 1-234), and the only procedure whereby the owner of the judgment may obtain a new judgment for the amount is by independent action upon the judgment, commenced by the issuance of summons, filing of complaint, service thereof, etc., as in case of any other action to recover judgment on debt, which action must be commenced within 10 years from the date of the rendition of the judgment. G.S. 1-47.

**2. Same—**

The remedy of an action on a judgment and the remedy of a motion to revive a dormant judgment, by *scire facias*, are separate remedies, and a concept of a dormant judgment and *scire facias* for leave to issue execution thereon is now obsolete, and a judgment entered upon a motion to revive the judgment, in which no summons is issued and no complaint filed, is a nullity, the remedy of a judgment upon a judgment being obtainable only by an independent action prosecuted in conformity with an action for debt.

**3. Judgments § 27b—**

A void judgment is a nullity and may be disregarded, set aside, or collaterally attacked by the parties, or may be set aside by the court of its own motion.

BARNHILL, C. J., took no part in the consideration or decision of this case.

APPEAL by plaintiff from *Rousseau, J.,* January Term, 1955, of WILKES.

At the October Term, 1936, of Wilkes, to wit, on 9 October, 1936, P. M. Reid obtained a judgment against Mabel L. Bristol for $4,389.20 plus interest and costs. No execution to enforce payment thereof was ever issued.

P. M. Reid, the judgment creditor, died. Thereafter, counsel for Mrs. P. M. Reid, Administratrix of P. M. Reid, deceased, prepared and issued a notice, addressed to Mabel L. Bristol, that on 20 September, 1946, he would move, in behalf of said administratrix, before the Clerk of the Superior Court, "to revive a judgment against you in favor of P. M. Reid, deceased."

Prior to 20 September, 1946, Mrs. Bristol filed with said clerk an answer to said notice. In such answer she alleged that said judgment could be revived only for the purpose of issuing execution thereon, and for such purpose not beyond 9 October, 1946, to wit, ten years from the date of rendition of said judgment. She did not appear in person before said clerk on 20 September, 1946.

No summons was issued and no complaint was filed in an action by said administratrix, predicated upon her ownership of the 1936 judgment, to recover judgment against Mrs. Bristol for an indebtedness alleged to be owing to said administratrix on account of the 1936 judgment. There was no new or independent action of any kind. The said administratrix proceeded by motion in or in relation to the cause in which the 1936 judgment was rendered.

On 24 September, 1946, the said clerk entered an order, which, after recitals of the facts stated above, provided: "After hearing the motion read and the argument of counsel for Mrs. P. M. Reid, Administratrix of P. M. Reid, deceased, it is ORDERED, DECREED AND ADJUDGED that said judgment be, and it is revived, as by law provided." Whereupon, this order was docketed as a judgment dated 20 September, 1946, in favor of Mrs. P. M. Reid, Administratrix of P. M. Reid, and against Mrs. Mabel L. Bristol, for the amount of the 1936 judgment. A transcript of this purported judgment was docketed in Iredell County. No execution to enforce payment of this purported judgment was ever issued.

Long afterwards, but promptly upon discovery of this docketed transcript, Mrs. Bristol filed a motion with the then clerk that the purported judgment of September, 1946, and the said transcript thereof, be declared void and canceled. Due notice was given to said administratrix and to her counsel. After hearing, the clerk entered a judgment allowing the said motion. The said administratrix excepted and appealed. In the Superior Court, Rousseau, J., after hearing, entered a judgment, substantially the same as that previously entered by the clerk, wherein the purported judgment of September, 1946, was declared void, and the said purported judgment and the transcript thereof were set aside and stricken from the records, and an order made that a copy of his judgment be transcripted to Iredell County. The said administratrix excepted and appealed.

*J. F. Jordan for plaintiff, appellant.*
*Scott, Collier & Nash and Zeb V. Long for defendant, appellee.*

BOBBITT, J. As indicated above, this appeal does not concern the status of the judgment of 9 October, 1936, in favor of the late P. M. Reid and against Mabel L. Bristol. However, upon the record before us, it would appear that the lien thereof on real property, if any, has ceased to exist, G.S. 1-234, *Lupton v. Edmundson,* 220 N.C. 188, 16 S.E. 2d 840; and, further, that the time for the issuance of execution thereon to enforce payment has expired. G.S. 1-306.

Under former statutory provisions, last codified as sections 667 and 668 of the Consolidated Statutes of 1919 (superseded by G.S. 1-306), the

life of a judgment, solely for the purpose of issuing execution thereon, might be prolonged beyond the expiration of ten years from the date of rendition; and, when the judgment became *dormant* by failure to issue execution within three years from rendition or from issuance of a prior execution thereon, the judgment creditor, by notice to show cause, *scire facias,* and upon satisfactory proof, might obtain leave *to revive the judgment* and issue execution thereon. McIntosh, N.C.P.&P. (1929), 834–835; *Barnes v. Fort,* 169 N.C. 431, 86 S.E. 340. Under this procedure, no judgment was contemplated or permitted, but only the revival of the original (dormant) judgment for one purpose, namely, the issuance of execution thereon.

Reference to the former practice discussed above is made solely because cases cited by appellant were decided in relation thereto. But that practice is now obsolete. Since the enactment of ch. 98, Public Laws of 1935, now codified as the proviso in G.S. 1-306, "no execution upon any judgment which requires the payment of money may be issued at any time after ten years from the date of the rendition thereof." The concept of a *dormant* judgment has no place under present statutory provisions. It is of interest only because a knowledge thereof is necessary to understand the earlier decisions and statute.

During a period when *sec. 14 of the C.C.P. (1868)* was in effect, it was necessary to obtain leave of court before commencing an independent action on a judgment. *Warren v. Warren,* 84 N.C. 614. An action on a judgment was recognized as entirely different from a motion to revive a dormant judgment for the purpose of issuing execution thereon, since both remedies could be pursued at the same time. *McDonald v. Dickson,* 85 N.C. 248. But this statute was not brought forward in the Code of 1883; and, since 1883, such action may be brought as of right. *Dunlap v. Hendley,* 92 N.C. 115.

As stated by *Pearson, C. J.,* in *Parker v. Shannonhouse,* 61 N.C. 209: "We find by reference to the books that, at common law, the remedy of the creditor was an action of debt on former judgment. The statute, 13 Edw. I, ch. 15, re-enacted in the Rev. Code, ch. 31, sec. 109, gives to the creditor an additional remedy by *scire facias.* The effect of the ordinance is to repeal the statute, 13 Edw. I, and leave the creditor to his common-law remedy." Sec. 109, ch. 31, Rev. Code of 1854, by its terms, treats of procedure, by *scire facias,* to obtain leave to issue execution on a dormant judgment; and sec. 5, ch. 1, Ordinance of 1866, provides "that dormant judgments shall only be revived by actions of debt, and every *scire facias* to revive a judgment shall be dismissed on motion." Be that as it may, if in *ante-bellum* days it was ever permissible, by *scire facias,* to obtain a judgment on a judgment, it was held in *Parker v. Shannonhouse, supra,* that such was not the law subsequent to the Convention of

1866. Since then, if not before, the only procedure whereby the owner of a judgment may obtain a new judgment for the amount owing thereon is by independent action.

Such independent action upon a judgment must be commenced by the issuance of summons, filing of complaint, service thereof, etc., as in case of any other action to recover judgment on debt. And, it is expressly provided that the period limited for the commencement of such action upon a judgment is ten years "from the date of its rendition." G.S. 1-47. *Rodman v. Stillman,* 220 N.C. 361, 17 S.E. 2d 336; *McDonald v. Dickson, supra.* As to limitation applicable to action on judgment rendered by justice of the peace, see G.S. 1-49.

"A void judgment is a nullity, and no rights can be based thereon; it can be disregarded, or set aside on motion, or the court may of its own motion set it aside, or it may be attacked collaterally." McIntosh, *supra,* 735; *Lewis v. Harris,* 238 N.C. 642, 78 S.E. 2d 715; *Hanson v. Yandle,* 235 N.C. 532, 70 S.E. 2d 565.

In the matter now under review, there was no summons, no complaint, in short, no independent action by said administratrix against Mrs. Bristol. It follows that the clerk's order of 24 September, 1946, purporting to revive the late P. M. Reid's judgment of 1936 in the sense of rendering a new judgment for the debt, if any, owing to said administratrix by Mrs. Bristol thereon is void for lack of jurisdiction. The judgment of the court below so declared. It is

Affirmed.

BARNHILL, C. J., took no part in the consideration or decision of this case.