RACCOON VALLEY INVESTMENT CO., A CORPORATION v. ARTHUR H. TOLER AND WIFE, MABEL F. TOLER

No. 762SC646

(Filed 2 March 1977)

1. Judgments § 50— no "renewal" of judgment — independent action required

There is no procedure now recognized in this State by which a judgment may be "renewed"; rather, the only procedure now recognized by which the owner of a judgment may obtain a new judgment for the amount owing thereon is by an independent action on the prior judgment, which independent civil action must be commenced and prosecuted as in the case of any other civil action brought to recover judgment on a debt.

2. Judgments § 50— action on judgment — request that judgment "be renewed" — complaint not fatally defective

Where plaintiff properly brought an independent civil action to recover the amount of its prior judgment against defendants plus interest, and plaintiff's complaint was sufficient to give notice of the transactions and occurrences which plaintiff intended to prove to show that it was entitled to relief, the inclusion of the improper request that the former judgment "be renewed" in the prayer for relief did not render the complaint fatally defective.

APPEAL by defendants from *Cowper, Judge.* Order entered 24 May 1976 in Superior Court, BEAUFORT County. Heard in the Court of Appeals 13 January 1977.

On 29 December 1965, plaintiff obtained a judgment for $3,656.66 against defendants in Superior Court in Beaufort County. On 23 December 1975, plaintiff instituted this action by filing complaint in which it alleged that it had obtained the 29 December 1965 judgment against the defendants, that no payments had been made thereon, and that the principal of $3,656.66 plus interest of $2,193.96 remained due and unpaid.

Plaintiff prayed that its prior judgment against defendants in the amount of $3,656.66 "be renewed, and that interest to date owing on the said judgment of record in amount of $2,193.96 be included as a part of the total judgment debt owed by the defendants to the plaintiff."

Summons and complaint in this action were served on defendants on 26 December 1975. No answer was filed, and on 27 January 1976 default was entered against defendants. On the same date, the assistant clerk of superior court signed judgment by default, in which it was adjudged that the judgment rendered 29 December 1965 for $3,656.66 with interest from 29 December 1965 be "renewed as a judgment against the defendants."

On 9 February 1976, execution was issued on the 27 January 1976 default judgment, and pursuant to that execution the sheriff, on 6 May 1976, conducted a sale of defendants' real property. On 14 May 1976 defendants filed a motion in the cause to set aside the 27 January 1976 judgment as being void and to restrain confirmation of the sheriff's sale of their property. On 24 May 1976, after a hearing, the court found that the temporary restraining order had been improvidently entered, ordered that it be dissolved, and dismissed defendants' motion in the cause. From this order, the defendants appeal.

*Frazier T. Woolard for plaintiff appellee.*

*Carter & Ross by W. B. Carter, and LeRoy Scott for defendant appellants.*

PARKER, Judge.

Defendants contend that the default judgment entered against them in this action on 27 January 1976 is void and that the court therefore erred in dismissing their motion in the cause to set it aside and in dissolving the temporary restraining order. We do not agree.

[1] In support of their contention that the 27 January 1976 judgment is void, defendants point to the language in the prayer for relief to plaintiff's complaint and in the judgment itself which speaks in terms of having the 29 December 1965 judgment "renewed," and defendants correctly point out that there is no procedure now recognized in this State by which a judgment may be "renewed." As defendants further correctly

point out, the only procedure now recognized by which the owner of a judgment may obtain a new judgment for the amount owing thereon is by an independent action on the prior judgment, which independent civil action must be commenced and prosecuted as in the case of any other civil action brought to recover judgment on a debt. *Reid v. Bristol,* 241 N.C. 699, 86 S.E. 2d 417 (1955). Defendants' correct statement of the law, however, does not compel their conclusion that the 27 January 1976 judgment is void.

[2] In this case, plaintiff has properly brought an independent civil action to recover the amount of its prior judgment plus interest. In its complaint in this action, plaintiff alleged the existence of its prior judgment against defendant, making specific reference to that judgment by date, amount, and docket number. Plaintiff further alleged that no payment had been made on that judgment and that the principal of $3,656.66 plus interest for a ten year period in the amount of $2,193.96, "for a total judgment debt" of $5,850.62, remained due and unpaid. These allegations in the body of plaintiff's complaint were clearly sufficiently particular to meet the requirements of G.S. 1A-1, Rule 8(a)(1) that they give notice of the transactions and occurrences which plaintiff intended to prove to show that it was entitled to relief. Just as clearly, these allegations were also sufficient to state a claim upon which relief could be granted. It is true that in its prayer for relief plaintiff prayed "that its judgment # 39111 against the defendants in the amount of $3,656.66 docketed in Book 25, page 302 records of the Clerk of Superior Court be renewed, and that interest to date owing on the said judgment of record in the amount of $2,193.96 be included as a part of the total judgment debt owed by the defendants to the plaintiff." Although the request that the former judgment "be renewed" was inappropriate, the inclusion of the inapt words in the prayer did not render the complaint fatally defective. Even under the somewhat stricter practice which prevailed prior to adoption of our present Rules of Civil Procedure, the nature of a plaintiff's action was determined by reference to the facts alleged in the body of the complaint rather than by what was contained in the prayer for relief. *Jones v. R. R.,* 193 N.C. 590, 137 S.E. 706 (1927); 1 McIntosh, N. C. Practice and Procedure 2nd, § 1111. Certainly the spirit of our new Rules does not require a stricter construction. Here, the prayer for relief to plaintiff's complaint, when

---

Burkette v. Insurance Co.

---

considered as a whole, makes it clear that plaintiff was seeking recovery of a money judgment in the amount of "the total judgment debt owed by the defendants to the plaintiff," including principal and accrued interest.

The default judgment which was entered on 27 January 1976, although inaptly expressed, was not void. The summons and complaint had been properly served on the defendants, they had failed to answer, and the court had jurisdiction over defendants and over the subject of the action. The judgment clearly stated the amount for which judgment was rendered and the date from which interest was to run. The inappropriate references to the renewal of the prior judgment did not render the later judgment void. To so hold would exhalt form over substance. Even our Supreme Court has on occasion spoken in terms of an action "to renew a judgment." *See Teele v. Kerr,* 261 N.C. 148, 134 S.E. 2d 126 (1964) ; *Grady v. Parker,* 230 N.C. 166, 52 S.E. 2d 273 (1949).

The order appealed from is

Affirmed.

Judges MARTIN and ARNOLD concur.