NCNB NATIONAL BANK OF NORTH CAROLINA v. C. P. ROBINSON, JR.

No. 8521SC787

(Filed 1 April 1986)

1. **Rules of Civil Procedure § 56— summary judgment—motion to continue hearing denied—no error**

The trial court did not err in an action based on a 1974 judgment by denying defendant's motion to continue the summary judgment hearing because plaintiff was relying upon an affidavit and defendant was unable to contact the witness to subpoena him before the hearing. The statement in the affidavit related for the most part to matters of public record and undisputed fact and defendant admitted in his answer both the 1974 judgment and that the judgment had not been paid.

2. **Judgments § 55— interest on judgment—legal rate eight percent—contract rate seven percent—no error**

The trial court did not err in an action on a 1974 judgment on a note by awarding plaintiff interest at the legal rate of eight percent even though the debt was founded on a contract which provided interest at seven percent. Provisions of the promissory note relating to interest were no longer effective because they had merged into the 1974 judgment.

3. **Judgments § 55— interest on judgment arising from earlier judgment—interest on interest—error**

The trial court erred in an action on a 1974 judgment for $100,000 by concluding that plaintiff was entitled to a judgment in the principal amount of $165,154.45, which included interest accrued on the 1974 judgment, then applying the legal rate of interest to the entire amount. The legal rate may only be applied to the $100,000 principal amount; equity dictates that a party should not be forced to pay interest on interest. N.C.G.S. 24-5.

APPEAL by defendant from *Morgan, Judge*. Order entered 23 April 1985 in Superior Court, FORSYTH County. Heard in the Court of Appeals 14 January 1986.

Defendant executed a promissory note whereby he promised to pay plaintiff the sum of $100,000.00 with interest at the rate of seven percent (7%) per annum. Defendant failed to pay the note when it came due, and on 14 November 1974 judgment on the note was entered against defendant in the amount of $100,000.00 plus interest from the date of default according to the terms of the note. On 15 November 1983, plaintiff filed the present action against defendant based on the 1974 judgment and moved for summary judgment. The trial court granted plaintiff's motion and ordered defendant to pay plaintiff the sum of $165,154.45 with interest at the legal rate of eight percent (8%) per annum until paid.

From the order of the trial court, defendant appeals.

*Hutchins, Tyndall, Doughton & Moore, by George E. Doughton, Jr. and Kent L. Hamrick, for plaintiff appellee.*

*Moore, Ragsdale, Liggett, Ray & Foley, by Jane Flowers Finch, for defendant appellant.*

ARNOLD, Judge.

[1] Defendant first contends that the trial court erred in denying his motion to continue the summary judgment hearing because he was "unfairly prejudiced and good cause for the continuance was shown." Specifically, defendant complains that plaintiff relied upon the affidavit of Mr. William P. Baldridge in filing its motion for summary judgment, and defendant was unable to contact Mr. Baldridge to subpoena him for attendance at the motion hearing. Thus, defendant asserts he was denied the "important procedural right of examining opposing witnesses." We find the contention to be without merit.

The granting of a continuance is within the discretion of the trial court and absent a manifest abuse of discretion its ruling is not reviewable on appeal. *Tripp v. Pate*, 49 N.C. App. 329, 271 S.E. 2d 407 (1980). The statements in the Baldridge affidavit related for the most part to matters of public record and undisputed fact. In his answer, defendant admitted both the 1974 judgment on the note and that the judgment had not been paid. Under these circumstances we find no abuse of discretion in the denial of the motion.

**[2]**  Defendant next contends that the trial court erred in awarding plaintiff interest at the legal rate of eight percent (8%) because the debt was founded on a contract which provided interest at the rate of seven percent (7%) per annum. We disagree.

The rule is that "a judgment merges the debt upon which it is based and becomes the only evidence of the existence of the debt that can be used in court." *Saieed v. Abeyounis*, 217 N.C. 644, 647, 9 S.E. 2d 399, 401 (1940). Our Supreme Court explained this merger rule as follows:

> It is said that by judgment, the contract upon which it is based becomes entirely merged — loses all its vitality — and ceases to be obligatory upon the parties. Its force and effect are wholly expended, and all remaining liability is transferred to the judgment, which then becomes the evidence, and the only evidence that can be used in a court, of the existence of the original debt.

*Trust Co. v. Boykin*, 192 N.C. 262, 266-67, 134 S.E. 643, 645 (1926), *quoting Grant v. Burgwyn*, 88 N.C. 95, 99 (1883). Plaintiff's present action is an independent civil action upon the prior judgment. *See Investment Co. v. Toler*, 32 N.C. App. 461, 232 S.E. 2d 717 (1977). Because the provisions of the promissory note relating to interest are no longer effective due to the merger into the 1974 judgment, the trial court was correct in applying the legal rate of interest to the judgment in the present action.

**[3]**  In its order the trial court concluded that plaintiff was entitled to judgment in the principal amount of $165,154.45. This amount included interest which had accrued on the 1974 judgment. The trial court then applied the legal rate of interest to the judgment for $165,154.45. Defendant contends that the trial court's order allowed plaintiff to recover "interest on interest" contrary to law. We agree.

Our Supreme Court, in *Deloach v. Worke*, 10 N.C. (3 Hawks) 36 (1824), mandated that in an action to revive a prior judgment, interest is to be applied only to the principal of the sum originally due. There is no procedure now recognized in this State by which a judgment may be revived or renewed. *Toler*, 32 N.C. App. at 463, 232 S.E. 2d at 718. Instead, a party must bring an action on a judgment, as in the case at bar, which is deemed an independent

action separate and distinct from the original suit in which the prior judgment was rendered. *Teele v. Kerr*, 261 N.C. 148, 134 S.E. 2d 126 (1964). Nevertheless, the reasoning of the Court in *Deloach* is still controlling. Equity dictates that a party should not be forced to pay interest on interest. Yet, the practical result of the trial court denominating the $165,154.45 as principal and then applying the legal rate of interest to that amount is to force defendant to pay interest on interest. Plaintiff is entitled to the judgment for $165,154.45 because the principal amount of the 1974 judgment plus the accrued interest and court costs equaled $165,154.45 as of the date of the court's order in this cause. However, the legal rate of interest may only be applied to the $100,000 principal amount due in the prior judgment. This result is consistent with G.S. 24-5 which mandates that in a breach of contract action, the fact finder "shall distinguish the principal from the interest in the award, and the judgment shall provide that the principal amount bears interest until the judgment is satisfied."

We therefore remand this cause to the trial court for modification of the judgment consistent with this opinion.

Affirmed in part, reversed in part and remanded.

Judges WEBB and WELLS concur.