IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA20-87

Filed: 1 September 2020

Mecklenburg County, No. 18 CVD 18556

UNIFUND CCR PARTNERS, Plaintiff,

v.

FRED HOKE, Defendant.

Appeal by defendant from order entered 4 November 2019 by Judge Roy H. Wiggins and from order entered 15 August 2019 by Judge Kimberly Best in Mecklenburg County District Court. Heard in the Court of Appeals 12 August 2020.

*Sessoms & Rogers, P.A., by Andrew E. Hoke, for plaintiff-appellee.*

*Erwin, Bishop, Capitano & Moss, P.A., by Fenton T. Erwin, Jr. and Erin C. Huegel, for defendant-appellant.*

BERGER, Judge.

On August 15, 2019, the trial court entered an order denying Fred Hoke's ("Defendant") motion to dismiss, and on November 4, 2019, the trial court granted Unifund CCR Partners' ("Plaintiff") motion for summary judgment. Defendant appeals, arguing that Plaintiff was subject to heightened pleading requirements as a "collection agency" and "debt buyer," and that Plaintiff did not adhere to those requirements. We disagree.

Factual and Procedural Background

Plaintiff filed suit on April 24, 2008, seeking to collect on a debt from Defendant on a purchased credit account. On October 6, 2008, the trial court entered default against Defendant, and a default judgment was entered for the principal sum of $14,174.37, accruing interest at a rate of 8.00% per annum, and attorneys' fees of $2,499.43.

On September 25, 2018, Plaintiff filed an action to renew the default judgment obtained against Defendant, alleging that no payments had been received since entry of the default judgment. On December 28, 2018, the trial court entered default against Defendant, and a default judgment in the renewed action. However, on April 15, 2019, the trial court granted Defendant's motion to set aside the entry of default.

Subsequently, on May 15, 2019, Defendant filed a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted. Defendant argued that Plaintiff was required to comply with the heightened pleading requirements under the Consumer Economic Protection Act of 2009 (the "Act"), specifically, N.C. Gen. Stat. § 58-70-145 as a collection agency and N.C. Gen. Stat. § 58-70-150 as a "debt buyer."

In ruling on the motion to dismiss, the trial court found that Plaintiff was a licensed collection agency and "debt buyer" as defined by North Carolina law. However, the trial court also found that "this case does not arise out of conduct for which a collection agency license is required, because the Plaintiff filed suit not on a

purchased debt but on a judgment that was entered in its favor." Likewise, the trial court determined that this case was "not a debt buyer action" either. Because "the debt merged into the judgment and was extinguished by the judgment[,]" the trial court concluded that this was an action on a judgment rather than a purchased debt. As a result, the trial court concluded that provisions of N.C. Gen Stat. §§ 58-70-145 and 58-70-150 were not applicable, and the trial court denied Defendant's motion to dismiss.

On May 22, 2019, Plaintiff filed a motion for summary judgment. On November 4, 2019, the trial court granted Plaintiff's motion for summary judgment, noting that there was "no dispute on the validity of the underlying debt," and thus, "no genuine issue as to any material fact."

Defendant appeals, arguing the trial court erred when it (1) denied the motion to dismiss, and (2) granted Plaintiff's motion for summary judgment.

Analysis

Defendant first argues that Plaintiff failed to satisfy the heightened pleading requirements of the Act as a collection agency and "debt buyer," and therefore, the district court erred in denying his motion to dismiss. We disagree.

This Court reviews a motion to dismiss *de novo*. *Leary v. N.C. Forest Prods., Inc.*, 157 N.C. App. 396, 400, 580 S.E.2d 1, 4 (2003).

> The motion to dismiss under N.C. R. Civ. P. 12(b)(6) tests the legal sufficiency of the complaint. In ruling on the

> motion the allegations of the complaint must be viewed as admitted, and on that basis the court must determine as a matter of law whether the allegations state a claim for which relief may be granted.

*Stanback v. Stanback*, 297 N.C. 181, 185, 254 S.E.2d 611, 615 (1979) (citations omitted).

The Act imposes a heightened pleading standard for causes of action filed by collection agencies and "debt buyers." *See generally* N.C. Gen. Stat. §§ 58-70-145, 58-70-150 (2019). A "collection agency" is "a person directly or indirectly engaged in soliciting, from more than one person delinquent claims of any kind owed or due or asserted to be owed or due the solicited person and all persons directly or indirectly engaged in the asserting, enforcing or prosecuting of those claims." N.C. Gen. Stat. § 58-70-15(a) (2019). Under N.C. Gen. Stat. § 58-70-145, permit holders' complaints must adhere to certain requirements:

> [i]n any cause of action that arises out of the *conduct of a business for which a plaintiff must secure a permit* pursuant to this Article, the complaint shall allege as part of the cause of action that the plaintiff is duly licensed under this Article and shall contain the name and number, if any, of the license and the governmental agency that issued it.

N.C. Gen. Stat. § 58-70-145 (emphasis added).

Additionally, a "debt buyer" is "a person or entity that is engaged in the business of purchasing delinquent or charged-off consumer loans or consumer credit

accounts, or other delinquent consumer debt for collection purposes[.]" N.C. Gen.

Stat. § 58-70-15(b)(4).

Pertaining to "debt buyers," § 58-70-150 states,

> in any cause of action initiated by a debt buyer, as that term is defined in G.S. 58-70-15, all of the following materials shall be attached to the complaint or claim:
>
> > (1)   A copy of the contract or other writing evidencing the original debt, which must contain a signature of the defendant. If a claim is based on credit card debt and no such signed writing evidencing the original debt ever existed, then copies of documents generated when the credit card was actually used must be attached.
> >
> > (2)   A copy of the assignment or other writing establishing that the plaintiff is the owner of the debt. If the debt has been assigned more than once, then each assignment or other writing evidencing transfer of ownership must be attached to establish an unbroken chain of ownership. Each assignment or other writing evidencing transfer of ownership must contain the original account number of the debt purchased and must clearly show the debtor's name associated with that account number.

N.C. Gen. Stat. § 58-70-150.

Once a judgment is entered, other evidence of indebtedness is "extinguished by

the higher evidence of record." *Sanders v. Boykin*, 192 N.C. 262, 266, 134 S.E. 643,

645 (1926) (citation omitted). Essentially, "the judgment merge[s] the debt upon

which it was rendered." *Id.* at 266, 134 S.E. at 645. When this merger occurs, the

judgment "becomes the evidence, and the only evidence that can be used in a court,

of the existence of the original debt." *Id.* at 267, 134 S.E. at 645 (citation and quotation marks omitted).

Additionally, any cause of action on a judgment is independent from the action that resulted in a judgment, and a new suit must be filed. *Teele v. Kerr*, 261 N.C. 148, 149, 134 S.E.2d 126, 127 (1964). An independent action must be "brought to recover judgment on a debt." *Raccoon Valley Inv. Co. v. Toler*, 32 N.C. App. 461, 463, 232 S.E.2d 717, 718 (1977) (citation omitted). Thus, the same procedure of "issu[ing] a summons, filing of complaint, servi[ng the complaint]" must be performed to recover on a judgment debt. *Reid v. Bristol*, 241 N.C. 699, 702, 86 S.E.2d 417, 419 (1955).

Here, the action on the judgment is a new, distinct action. Because the original debt has merged into the judgment, this is not an action on a purchased credit account, but rather, an action on a judgment. Thus, the present action does not implicate the heightened pleading requirements set forth above.

Moreover, as an action to enforce a judgment, the present action did not "arise[] out of the conduct of a business for which a plaintiff must secure a permit" as a collection agency. N.C. Gen. Stat. § 58-70-145. An action that "arises out of the conduct of a business for which a plaintiff must secure a permit" would be an initial action to collect on "delinquent claims of any kind owed" or "asserting, enforcing or prosecuting of those claims." *See* N.C. Gen. Stat. § 58-70-145; *see* N.C. Gen. Stat. § 58-70-15(a). Because a claim was already filed and a judgment was rendered, the

action now before this Court involves that judgment and *not* the underlying debt claim. Thus, Plaintiff did not act in its capacity as a collection agency when filing suit in this action.

While the present action is certainly a "cause of action," the action was not filed in Plaintiff's capacity as a "debt buyer," but as a party seeking to enforce a previous judgment. Here, the Act's pleading requirement seeks to "evidenc[e] the original debt" and "establish[] that the plaintiff is the owner of the debt." N.C. Gen. Stat. § 58-70-150. In this case, a judgment was rendered on the debt, and that judgment is now the only evidence of the debt. As a result, the pleading requirements of N.C. Gen. Stat. §§ 58-70-145 and 58-70-150 are inapplicable, and Plaintiff properly stated a claim upon which relief could be granted. Therefore, the trial court did not err in denying Defendant's motion to dismiss.

II. Summary Judgment

Defendant further asserts that the trial court erred when it granted Plaintiff's motion for summary judgment. We disagree.

This Court reviews an appeal of summary judgment *de novo*. *In re Will of Jones*, 362 N.C. 569, 573, 669 S.E.2d 572, 576 (2008). "[S]uch judgment is appropriate only when the record shows that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." *Id.* at 573, 669 S.E.2d at 576 (citation and quotation marks omitted). "A genuine issue of material fact has

been defined as one in which the facts alleged are such as to constitute a legal defense or are of such nature as to affect the result of the action[.]" *Master v. Country Club of Landfall*, 263 N.C. App. 181, 185-86, 823 S.E.2d 115, 119 (2018) (citation and quotation marks omitted).

"When considering a motion for summary judgment, the trial judge must view the presented evidence in a light most favorable to the nonmoving party. Moreover, the party moving for summary judgment bears the burden of establishing the lack of any triable issue." *Dalton v. Camp*, 353 N.C. 647, 651, 548 S.E.2d 704, 707 (2001) (citations omitted). Once "the moving party by affidavit or otherwise presents materials in support of his motion, it becomes incumbent upon the opposing party to take affirmative steps to defend his position by proof of his own." *Lowe v. Bradford*, 305 N.C. 366, 370, 289 S.E.2d 363, 366 (1982).

Here, Defendant does not assert that the judgment or underlying debt are invalid. Specifically, on appeal, Defendant does not challenge the existence or validity of the judgment, nor the validity of the underlying debt. Rather, Defendant argues that Plaintiff failed to satisfy the pleading requirements of the Act. Thus, there is no genuine issue of material fact.

Accordingly, we affirm the trial court's order granting Plaintiff's motion for summary judgment.

<u>Conclusion</u>

For the reasons explained above, the trial court properly denied Defendant's motion to dismiss and properly granted Plaintiff's motion for summary judgment. Therefore, we affirm the judgment.

AFFIRMED.

Judges DIETZ and ARROWOOD concur.