IN THE COURT OF APPEALS OF NORTH CAROLINA

 2022-NCCOA-168

 No. COA20-916

 Filed 15 March 2022

 Wake County, No. 19CVD12265

 UNIFUND CCR PARTNERS, Plaintiff,

 v.

 DELORES L. YOUNG, Defendant.

 Appeal by Defendant from order entered 19 October 2020 by Judge Ned

 Mangum in Wake County District Court. Heard in the Court of Appeals 19 October

 2021.

 Sessoms & Rogers, P.A., by Andrew E. Hoke, for Plaintiff-Appellee.

 J. Jerome Hartzell for Defendant-Appellant.

 COLLINS, Judge.

¶1 Defendant Delores L. Young appeals the trial court’s order granting summary

 judgment to Plaintiff Unifund CCR Partners on Plaintiff’s 2019 action to renew a

 default judgment entered in 2010 against Defendant. Defendant argues that the

 default judgment is void because it was procured by fraud and the clerk lacked

 jurisdiction to enter the default judgment for various reasons. Defendant also argues

 that Plaintiff’s interest rates on Defendant’s debt violate North Carolina law.

¶2 We affirm the trial court’s order.
 UNIFUND CCR PARTNERS V. YOUNG

 2022-NCCOA-168

 Opinion of the Court

 I. Factual and Procedural Background

¶3 The facts are not in dispute. Defendant entered into a written credit

 agreement with Citibank (South Dakota), N.A., establishing a credit card account.

 Defendant failed to make the required payments. On 1 February 2008, Citibank

 “charged off” the outstanding balance on Defendant’s account as bad debt, and sold

 the account to Plaintiff.

¶4 Plaintiff commenced a civil action against Defendant by filing an unverified

 complaint, dated on or about 31 August 2009, in Wake County District Court.1

 Plaintiff attached a copy of the Citibank credit card agreement to the complaint.

 Plaintiff served the complaint and summons on Defendant on or about 23 October

 2009, alleging in part:

 6. Pursuant to the terms and provisions of the note or
 credit agreement, the defendant is lawfully indebted to the
 plaintiff in the principal sum of $10,500.69 together with
 interest thereon at the contract rate of 23.99% per annum.
 Said sum has been outstanding since February 1, 2008.
 7. The credit agreement between the parties contains
 provisions for the payment of attorneys fees in the event of
 default. The balance outstanding is currently $14,413.95.
 Pursuant to the provisions of [N.C. Gen. Stat.] § 6-21.2, the
 plaintiff hereby gives notice to the defendant that it
 intends to enforce those provisions of the credit agreement
 calling for the payment of attorneys fees. . . .

 1 The file stamp on Plaintiff’s complaint is illegible, rendering it difficult to determine

 when the action was instituted. The date given on the signature page of the complaint is 21
 August 2009. The 2010 Default Judgment states that “Plaintiff instituted this action against
 the defendant on August 31, 2009.”
 UNIFUND CCR PARTNERS V. YOUNG

 2022-NCCOA-168

 Opinion of the Court

 WHEREFORE, the plaintiff prays the court as follows:

 1. That the plaintiff have and recover from the defendant
 the sum of $10,500.69.

 2. That the plaintiff further have and recover from said
 defendant interest on said sum at the contract rate of
 23.99% per annum from February 1, 2008 to the date of
 judgment, and at the rate of 8% per annum thereafter until
 paid.

 3. That the plaintiff further have and recover from said
 defendant its reasonable attorneys fees in the sum of
 $2,162.09 which sum is fifteen (15%) percent of $14,413.95,
 the current balance outstanding, pursuant to [N.C. Gen.
 Stat.] § 6-21.2.

¶5 After Defendant failed to file an answer or any other pleading, or appear in

 court, Plaintiff filed a motion on 17 February 2010 for entry of default and default

 judgment. The motion was accompanied by an affidavit from Plaintiff’s attorney,

 stating, “[m]ore than thirty (30) days have passed since service was had upon

 [D]efendant, and the time allowed for the [D]efendant to respond to the complaint

 has expired,” and that “[D]efendant is indebted to the [P]laintiff herein in the

 principal sum of $10,500.69, together with interest thereon on the contract rate of

 23.99% per annum from and after February 1, 2008, and the costs of this action.” The

 motion was also accompanied by an affidavit from Steve Ballman, Plaintiff’s “duly

 authorized representative,” stating:

 He is familiar with the books and records of Unifund CCR
 UNIFUND CCR PARTNERS V. YOUNG

 2022-NCCOA-168

 Opinion of the Court

 Partners, and particularly with the account of Delores L.
 Young, . . . the Defendant in this action, and is cognizant of
 the facts constituting and underlying this cause of action.
 The Defendant entered into a promissory note or written
 credit agreement with Citibank (South Dakota), N.A.[]
 The Plaintiff is the assignee of the account referred to
 herein. A true and accurate copy of the terms of the
 promissory note or account agreement between the parties
 was attached to the Complaint filed herein. The Defendant
 is in default under the terms thereof for failure to make the
 required payments. As a result of the Defendant’s default,
 [Plaintiff] has declared the entire outstanding balance due
 and payable.
 ....
 [Defendant] is currently indebted to [Plaintiff] in the
 principal sum of $10,500.69, together with interest thereon
 at the rate of 23.99% per annum from and after February
 1, 2008, reasonable attorneys fees, and costs.

¶6 On 25 February 2010, the assistant clerk of superior court (“clerk”) entered

 default and judgment by default (“2010 Default Judgment”) against Defendant. See

 N.C. Gen. Stat. § 1A-1, Rule 55(a)-(b) (2009). In the 2010 Default Judgment, the clerk

 found that “the time allowed for [D]efendant to respond to the complaint has expired”

 and that the action was “for a sum certain or a sum which can by computation be

 made certain,” and ordered recovery for Plaintiff of the principal sum of $10,500.69

 plus interest at a rate of 23.99% per annum calculated to the date of entry of the

 judgment, and interest accrued at 8% per annum after the date of entry of the
 UNIFUND CCR PARTNERS V. YOUNG

 2022-NCCOA-168

 Opinion of the Court

 judgment until paid. Costs of the action were also awarded to Plaintiff.2

¶7 On 5 September 2019, Plaintiff filed an unverified complaint in Wake County

 District Court (“2019 Action”) seeking to renew the 2010 Default Judgment. The

 complaint alleged that Plaintiff had obtained a default judgment against Defendant

 on 25 February 2010 and that no payments had been received since entry of that

 judgment. Plaintiff attached to the complaint the 2010 Default Judgment and an

 affidavit signed by counsel, swearing to the remaining balance.

¶8 Defendant filed an amended answer on 13 August 2020 wherein she did not

 challenge the existence of the underlying debt or the 2010 Default Judgment, but

 stated that she “does not know whether payments have been made” on that debt since

 entry of the 2010 Default Judgment. She further alleged in her answer that the 2010

 Default Judgment was “not a proper basis for a new judgment,” based on various legal

 theories.

¶9 Plaintiff filed a motion for summary judgment and a memorandum of law in

 support of its motion. Defendant filed a brief in opposition to Plaintiff’s motion for

 summary judgment and in support of summary judgment in her favor. On 19

 October 2020, the trial court held a hearing and entered an order granting Plaintiff

 summary judgment and denying Defendant summary judgment (“2020 Order”).

 2 It is not clear from the 2010 Default Judgment whether Plaintiff was awarded
 attorneys’ fees. Neither party raises an issue in this appeal regarding attorneys’ fees.
 UNIFUND CCR PARTNERS V. YOUNG

 2022-NCCOA-168

 Opinion of the Court

 Defendant timely appealed to this Court.

 II. Discussion

 A. Standard of Review and Legal Background

¶ 10 Summary judgment is proper “if the pleadings, depositions, answers to

 interrogatories, and admissions on file, together with the affidavits, if any, show that

 there is no genuine issue as to any material fact and that any party is entitled to a

 judgment as a matter of law.” N.C. Gen. Stat. § 1A-1, Rule 56(c) (2019). The court

 must consider the evidence in the light most favorable to the non-moving party and

 draw all reasonable inferences in that party’s favor. Caswell Realty Assocs. v.

 Andrews Co., 121 N.C. App. 483, 484, 466 S.E.2d 310, 311 (1996). The burden is on

 the moving party to show that the non-moving party has failed to establish the

 existence of an element essential to that party’s case, such that there is no genuine

 issue of material fact and the movant is entitled to a judgment as a matter of law.

 Leiber v. Arboretum Joint Venture, LLC, 208 N.C. App. 336, 344, 702 S.E.2d 805, 810

 (2010).

¶ 11 An order granting summary judgment is reviewed de novo on appeal. Unifund

 CCR Partners v. Loggins, 270 N.C. App. 805, 808, 841 S.E.2d 835, 838 (2020).

 Likewise, whether a trial court has subject matter jurisdiction to enter judgment is a

 question of law, reviewed de novo on appeal. Id. at 808, 841 S.E.2d at 837-38.

¶ 12 “A challenge to jurisdiction may be made at any time.” Hart v. Thomasville
 UNIFUND CCR PARTNERS V. YOUNG

 2022-NCCOA-168

 Opinion of the Court

 Motors, Inc., 244 N.C. 84, 90, 92 S.E.2d 673, 678 (1956) (citation omitted). “A

 judgment is void, when there is a want of jurisdiction by the court . . . .” Id. (citation

 omitted). A void judgment “is a nullity [and i]t may be attacked collaterally at any

 time [because] legal rights do not flow from it.” Cunningham v. Brigman, 263 N.C.

 208, 211, 139 S.E.2d 353, 355 (1964).

¶ 13 The owner of a judgment may obtain a new judgment to collect any unpaid

 amount due on the prior judgment by bringing “an independent action on the prior

 judgment, which . . . must be commenced and prosecuted as in the case of any other

 civil action brought to recover judgment on a debt.” Raccoon Valley Inv. Co. v. Toler,

 32 N.C. App. 461, 463, 232 S.E.2d 717, 718 (1977) (citation omitted). An independent

 action seeking to renew a judgment must be brought within ten years of entry of the

 original judgment, and such renewal action can be brought only once. N.C. Gen. Stat.

 § 1-47(1) (2019). In an action to renew a judgment, a plaintiff should allege the

 existence of a prior judgment against the defendant; the fact that full payment on the

 judgment has not been made; and an accounting of the unpaid balance due and any

 applicable interest. See Raccoon Valley, 32 N.C. App. at 463-64, 232 S.E.2d at 718-19.

 B. Procurement by Fraud

¶ 14 Defendant first argues that the 2010 Default Judgment could not be the basis

 of the 2019 Action because the 2010 Default Judgment was “procured by fraud.”

 Defendant’s specific argument is that Plaintiff’s submission of “in-house” affidavits,
 UNIFUND CCR PARTNERS V. YOUNG

 2022-NCCOA-168

 Opinion of the Court

 those signed by a Unifund representative to support its claim on the acquired

 Citibank credit card account and its amount, contravenes this Court’s unpublished

 decision in Unifund CCR Partners v. Dover, 198 N.C. App. 406, 681 S.E.2d 565 (2009)

 (unpublished). Defendant’s argument is misplaced.

¶ 15 First, Dover involved the sufficiency of the evidence of an “account stated” in

 an action to collect an amount of money allegedly owed to plaintiff, and its analysis

 is inapplicable to the case before us. Additionally, although Defendant labels this

 argument as a “fraud” defense, Defendant’s argument is instead an objection to the

 admissibility and sufficiency of the evidence at the 2010 Default Judgment

 proceedings. Moreover, even if we construe Defendant’s collateral attack on the 2010

 Default Judgment as a Rule 60(b) motion for relief from judgment on the basis that

 the judgment was procured by fraud, the attack is time-barred under Rule 60(b)(3).

 See N.C. Gen. Stat. § 1A-1, Rule 60(b) (2019).

¶ 16 The process by which a party may seek relief from “a judgment in a prior

 judicial proceeding that allegedly was tainted by fraud, depends upon whether the

 fraud at issue is extrinsic or intrinsic.” Hooks v. Eckman, 159 N.C. App. 681, 684,

 587 S.E.2d 352, 354 (2003). Fraud is extrinsic when it deprives the unsuccessful

 party of the opportunity to present their case to the court, thus preventing a court

 from making a judgment on the merits of a case. Id. (citing Stokley v. Stokley, 30 N.C.

 App. 351, 354-55, 227 S.E.2d 131, 134 (1976)). “If an unsuccessful party to an action
 UNIFUND CCR PARTNERS V. YOUNG

 2022-NCCOA-168

 Opinion of the Court

 has been prevented from fully participating therein, there has been no true adversary

 proceeding, and the judgment is open to attack at any time.” Stokley, 30 N.C. App.

 at 354, 227 S.E.2d at 134; cf. N.C. Gen. Stat. § 1A-1, Rule 60(b)(4) (directing that

 motions for relief from a void judgment must be made within a “reasonable time,” but

 that “[t]his rule does not limit the power of a court to entertain an independent

 action . . . to set aside a judgment for fraud upon the court”).

¶ 17 Intrinsic fraud occurs “within the proceeding itself and concern[s] some matter

 necessarily under the consideration of the court upon the merits.” Scott v. Farmers

 Co-op. Exch., Inc., 274 N.C. 179, 182, 161 S.E.2d 473, 476 (1968). Unlike extrinsic

 fraud, intrinsic fraud does not prevent a party from full participation in the action.

 Stokley, 30 N.C. App. at 354, 227 S.E.2d at 134. When the alleged fraud complained

 of is intrinsic, it can only be the subject of a motion under N.C. Gen. Stat. § 1A-1, Rule

 60(b)(3) and must be filed within one year of entry of the judgment. Hooks, 159 N.C.

 App. at 685, 587 S.E.2d at 354 (citing N.C. Gen. Stat. § 1A-1, Rule 60(b)(3) (2001));

 Stokley, 30 N.C. App. at 355, 227 S.E.2d at 134.

¶ 18 Here, Defendant does not allege that she was deprived of the opportunity to

 present her case to the court. Instead, the alleged submission of inadmissible

 materials to the trial court concerns a matter “involved in the determination of a

 cause on its merits” and would constitute intrinsic fraud. See Hooks, 159 N.C. App.

 at 684, 587 S.E.2d at 354. As Defendant’s attack on the 2010 Default Judgement
 UNIFUND CCR PARTNERS V. YOUNG

 2022-NCCOA-168

 Opinion of the Court

 alleging fraud was filed more than nine years after entry of the judgment, it is time-

 barred.

 C. Applicability of the Consumer Economic Protection Act

¶ 19 Defendant next argues that Plaintiff was not entitled to summary judgment

 because Plaintiff’s “underlying judgment failed to comply with N.C. Gen. Stat. § 58-

 70-155.”

¶ 20 The Consumer Economic Protection Act of 2009, N.C. S.L. 2009-573, § 8 (2009),

 amended Article 70 of Chapter 58 of the General Statutes by adding N.C. Gen. Stat.

 § 58-70-155 (the “Act”). The Act states, “Prior to entry of a default judgment or

 summary judgment against a debtor in a complaint initiated by a debt buyer, the

 plaintiff shall file evidence with the court to establish the amount and nature of the

 debt.” N.C. Gen. Stat. § 58-70-155(a) (2009). The statute specifies the type of

 evidence required. N.C. Gen. Stat. § 58-70-155(b) (2009). The Act specifically

 provides: “This act becomes effective October 1, 2009, and applies to foreclosures

 initiated, debt collection activities undertaken, and actions filed on or after that date.”

 N.C. S.L. 2009-573, § 11. It is undisputed that Plaintiff’s 2009 action was filed prior

 to 1 October 2009, on or about 31 August 2009. Accordingly, the Act did not apply to

 that action.

¶ 21 Defendant points out that although Plaintiff’s complaint was filed prior to 1

 October 2009, Plaintiff filed its motion for default judgment in February 2010. As
 UNIFUND CCR PARTNERS V. YOUNG

 2022-NCCOA-168

 Opinion of the Court

 the motion for default judgment was a “debt collection activity” within the meaning

 of the Act, Defendant argues, the Act applied. We disagree.

¶ 22 The plain language of the statute provides that the Act applies to “actions filed”

 on or after 1 October 2009. Plaintiff’s motion for default judgment was part of

 prosecuting its “action[] filed” and was not a “debt collection activity” within the

 meaning of the Act.

¶ 23 Defendant likewise argues that Plaintiff was required to comply with the

 pleading requirements of the Act in its 2019 Action. However,

 [o]nce a judgment is entered, other evidence of
 indebtedness is extinguished by the higher evidence of
 record. Essentially, the judgment merges the debt upon
 which it was rendered. When this merger occurs, the
 judgment becomes the evidence, and the only evidence that
 can be used in a court, of the existence of the original debt.

 Additionally, any cause of action on a judgment is
 independent from the action that resulted in a judgment,
 and a new suit must be filed. An independent action must
 be brought to recover judgment on a debt. Thus, the same
 procedure of issuing a summons, filing of complaint,
 serving the complaint must be performed to recover on a
 judgment debt.

 Unifund CCR Partners v. Hoke, 273 N.C. App. 401, 404-05, 848 S.E.2d 508, 510

 (2020), disc. review denied, 379 N.C. 161, 863 S.E.2d 612 (2021) (quotation marks and

 citations omitted).

¶ 24 Here, the 2019 Action on the 2010 Default Judgment “is a new, distinct action.”
 UNIFUND CCR PARTNERS V. YOUNG

 2022-NCCOA-168

 Opinion of the Court

 Id. “Because the original debt has merged into the judgment, this is not an action on

 a purchased credit account, but rather, an action on a judgment.” Id. Thus, “the

 present action does not implicate the heightened pleading requirements set forth” in

 the Act. Id. at 405, 848 S.E.2d at 510-11.

 D. Sum Certain

¶ 25 Defendant next argues that the clerk lacked subject matter jurisdiction to

 enter the underlying 2010 Default Judgment because Plaintiff’s claim was not for a

 sum certain and thus, the 2010 Default Judgment is void.

¶ 26 The clerk shall enter default “[w]hen a party against whom a judgment for

 affirmative relief is sought has failed to plead or is otherwise subject to default

 judgment as provided by these rules or by statute and that fact is made to appear by

 affidavit, motion of attorney for the plaintiff, or otherwise[.]” N.C. Gen. Stat. § 1A-1,

 Rule 55(a) (2009). After the clerk’s entry of default, and “[w]hen the plaintiff’s claim

 against a defendant is for a sum certain or for a sum which can by computation be

 made certain, the clerk upon request of the plaintiff and upon affidavit of the amount

 due shall enter judgment for that amount and costs against the defendant[.]” Id.

 § 1A-1, Rule 55(b)(1) (2009). “A verified pleading may be used in lieu of an affidavit

 when the pleading contains information sufficient to determine or compute the sum

 certain.” Id. “Absent a certain dollar amount, the default judgment must be entered

 by a judge who may conduct a hearing to adequately determine damages.” Basnight
 UNIFUND CCR PARTNERS V. YOUNG

 2022-NCCOA-168

 Opinion of the Court

 Constr. Co. v. Peters & White Constr. Co., 169 N.C. App. 619, 622, 610 S.E.2d 469, 471

 (2005) (citing N.C. Gen. Stat. § 1A-1, Rule 55(b)(2) (2003)). If the clerk lacked the

 authority to enter a default judgment because the claim was not for a sum certain,

 the judgment is void as a matter of law. Id. at 624, 610 S.E.2d at 472.

¶ 27 In this case, Plaintiff’s 2009 unverified complaint alleged that Defendant was

 lawfully indebted to Plaintiff for the principal sum of $10,500.69 together with

 interest at a contract rate of 23.99% per annum, that the unpaid amount had been

 outstanding since 1 February 2008, and that Plaintiff was entitled to calculable

 attorneys’ fees and costs under N.C. Gen. Stat. § 6-21.2. Plaintiff attached the

 Citibank credit card agreement to the complaint.

¶ 28 Defendant failed to file an answer or any other pleading, and failed to appear

 in court. That fact was made to appear by Plaintiff’s attorney’s affidavit and motion

 for entry of default. See N.C. Gen. Stat. § 1A-1, Rule 55(a). The clerk entered default.

¶ 29 Upon Plaintiff’s motion for default judgment and Unifund representative

 Ballman’s affidavit wherein he averred that the amount due is “$10,500.69, together

 with interest thereon at the rate of 23.99% per annum from and after February 1,

 2008, reasonable attorneys fees, and costs,” the clerk entered judgment for that

 amount against Defendant. See id. § 1A-1, Rule 55(b)(1). As Plaintiff’s claim was for

 a sum certain, the clerk had the authority to enter the 2010 Default Judgment, and

 the judgment is not void. See Loggins, 270 N.C. App. at 811-12, 841 S.E.2d at 839-40
 UNIFUND CCR PARTNERS V. YOUNG

 2022-NCCOA-168

 Opinion of the Court

 (concluding the clerk had authority to enter default judgment in a case presenting

 the same issue with nearly identical facts).

¶ 30 Defendant argues that Loggins does not control because in that case the parties

 did not raise, and this Court did not address, N.C. Gen. Stat. § 1A-1, Rule 8(d) (2009),

 which Defendant argues is the “controlling statute” on questions of default judgment.

 But as Rule 8(d) was not relevant to the analysis in Loggins or in this case,

 Defendant’s argument is inapposite.

¶ 31 “When a party against whom a judgment for affirmative relief is sought has

 failed to plead or is otherwise subject to default judgment . . . and that fact is made

 to appear by affidavit, motion of attorney for the plaintiff, or otherwise, the clerk shall

 enter his default.” N.C. Gen. Stat. § 1A-1, Rule 55(a). Pursuant to N.C. Gen. Stat.

 § 1A-1, Rule 8(d), “[a]verments in a pleading to which a responsive pleading is

 required, other than those as to the amount of damage, are admitted when not denied

 in the responsive pleading.” N.C. Gen. Stat. § 1A-1, Rule 8(d).

¶ 32 Upon entry of default, “[w]hen the plaintiff’s claim against a defendant is for a

 sum certain or for a sum which can by computation be made certain, the clerk upon

 request of the plaintiff and upon affidavit of the amount due shall enter judgment for

 that amount and costs against the defendant.” N.C. Gen. Stat. § 1A-1, Rule 55(b)(1).

 “A verified pleading may be used in lieu of an affidavit when the pleading contains

 information sufficient to determine or compute the sum certain.” Id.
 UNIFUND CCR PARTNERS V. YOUNG

 2022-NCCOA-168

 Opinion of the Court

¶ 33 Accordingly, after entry of default, a sum certain or sum which can by

 computation be made certain must be proven by affidavit or verified pleading and the

 limitations of Rule 8(d) regarding the admission of damages were not relevant to the

 analysis in Loggins or in the present case.

¶ 34 Defendant also cites cases from other jurisdictions to support an argument that

 credit card debt is of such a complex, incalculable nature that it can never constitute

 a sum certain. That argument is contrary to the plain language of our statutes and

 Loggins, and lacks merit.

¶ 35 As Plaintiff’s claim was for a sum certain, the clerk had authority to enter the

 2010 Default Judgment, and thus, the judgment was not void. See Loggins, 270 N.C.

 App. at 812, 841 S.E.2d at 840. Defendant’s argument is overruled.

 E. Usury

¶ 36 Finally, Defendant argues that the 23.99% interest rate charged on

 Defendant’s debt between 2008 and 2010 violates N.C. Gen. Stat. § 24-1 (2009).

 Defendant argues that because 23.99% interest is well-above the legal rate of 8%

 interest per annum, both the 2010 Default Judgment and the 2020 Order are barred

 under North Carolina law.

¶ 37 “[U]sury is an affirmative defense and must be pleaded.” Wallace Men’s Wear,

 Inc. v. Harris, 28 N.C. App. 153, 156, 220 S.E.2d 390, 392 (1975) (citing N.C. Gen.

 Stat. § 1A-1, Rule 8(c)). “When not raised by the pleading the issue may still be tried
 UNIFUND CCR PARTNERS V. YOUNG

 2022-NCCOA-168

 Opinion of the Court

 if raised by the express or implied consent of the parties at trial.” Id. (citing N.C.

 Gen. Stat. § 1A-1, Rule 15(b)). Here, Defendant did not attack the 23.99% interest

 rate prior to entry of the 2010 Default Judgment on 25 February 2010. As Defendant

 failed to raise the defense of usury to the 2010 Default Judgment in a timely manner,

 “[D]efendant cannot now present this defense before this Court.” Id. (citing Grissett

 v. Ward, 10 N.C. App. 685, 179 S.E.2d 867 (1971)).

¶ 38 Likewise, Defendant cannot attack the 2020 Order, which renewed the 2010

 Default Judgment.

¶ 39 An action on a judgment is an established means by which the owner of a

 judgment may obtain a new judgment to collect any unpaid amount due on the prior

 judgment. Raccoon Valley, 32 N.C. App. at 463, 232 S.E.2d at 718. To file an action

 on a judgment, the plaintiff need allege only “the existence of a prior judgment

 against the defendant, the fact that full payment on the judgment has not been made,

 and an accounting of the unpaid balance due and any applicable interest.” Loggins,

 270 N.C. App. at 809, 841 S.E.2d at 838.

 Once a judgment is entered, other evidence of indebtedness
 is extinguished by the higher evidence of record.
 Essentially, the judgment merges the debt upon which it
 was rendered. When this merger occurs, the judgment
 becomes the evidence, and the only evidence that can be
 used in a court, of the existence of the original debt.

 Hoke, 273 N.C. App. at 404, 848 S.E.2d at 510 (quotation marks and citations
 UNIFUND CCR PARTNERS V. YOUNG

 2022-NCCOA-168

 Opinion of the Court

 omitted).

¶ 40 Accordingly, when the clerk entered the 2010 Default Judgment, that

 judgment became the only evidence of the existing debt. Under Hoke, the outstanding

 debt plus 23.99% interest was settled by the 2010 Default Judgment and is now the

 debt of record. The 2019 Action simply renewed the existing judgment declaring that

 Plaintiff is entitled to that established amount.3 We conclude that Defendant cannot

 assert usury as an affirmative defense to the 2019 Action on a judgment.

 III. Conclusion

¶ 41 For the reasons set forth herein, the clerk had jurisdiction to enter the 2010

 Default Judgment and the 2010 Default Judgment was not void. Further,

 Defendant’s “fraud” argument is time-barred and her usury arguments are without

 merit. Plaintiff was entitled to judgment as a matter of law in its 2019 Action to

 renew its 2010 Default Judgment. We affirm the trial court’s 2020 Order granting

 summary judgment to Plaintiff.

 AFFIRMED.

 Judges ZACHARY and MURPHY concur.

 3 The additional 8% interest per annum charged on the existing debt, which covers

 the debt accrued from 2010-2019, has not been challenged by Defendant, and cannot be
 challenged, as 8% is the legal rate under N.C. Gen. Stat. § 24-1 (2019).